372 So.2d 502 (1979)
Phillip VAN ZANT, Appellant,
v.
STATE of Florida, Appellee.
No. KK-469.
District Court of Appeal of Florida, First District.
June 15, 1979.
Rehearing Denied July 19, 1979.
*503 M. Howard Williams and Timothy D. Harley and L.S. Selvey, II of Williams, Gibson & Harley, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
MILLS, Acting Chief Judge.
On 24 June 1976, Ruthie Taylor was killed in her home. A jury convicted Van Zant, her on-again-off-again boyfriend, of first degree murder and burglary of a dwelling in connection with her death.
At the trial the State, over Van Zant's objection, introduced two exhibits into evidence. The exhibits were a probable cause affidavit and a sworn complaint executed by Taylor on 6 May 1976.
In the probable cause affidavit, Taylor alleges that on 4 May 1976, Van Zant used a key to force his way into her home, argued with her, threw her on the bed, pointed a shotgun at her and said he was going to kill her. Taylor states she then convinced Van Zant to put the gun down and leave. In the same affidavit, Taylor claimed that Van Zant returned to her home on 6 May, threatened her, and then tried to take his own life by slashing his wrists with a knife.
In the complaint, Taylor charges Van Zant with assaulting her with a deadly weapon on 4 May.
Van Zant contends that his objections to the admission of the documents should have been sustained because (1) the documents contain inadmissible hearsay; (2) the State failed to disclose the documents to the defense until thirty minutes before they were introduced; (3) the documents were not proper rebuttal evidence.
The State contends that the documents were properly admitted into evidence because (1) they come within the business record exception to the hearsay rule and were admitted to show Van Zant's and Taylor's state of mind; (2) the trial judge determined after adequate inquiry that the State did not deliberately withhold the documents from the defense; (3) the documents properly rebutted Van Zant's testimony, or the inference suggested by it, that the relationship between Van Zant and Taylor was harmonious and that Taylor was not afraid of Van Zant.
Section 92.36, Florida Statutes (1977), is the Uniform Business Records as Evidence Act. Section 92.36(2) reads:
"(2) A record of an act, condition or event, including a record kept by means of electronic data processing, shall, in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."
The State argues that every element of the above statute has been met by Exhibits 9 and 10, and therefore the exhibits were properly admitted into evidence. We do not agree.
Exhibits 9 and 10 might qualify under the business record exception to the hearsay rule to the extent that each is an out of court statement of the person who prepared the record in the regular course of business. However, the source of the information contained in the documents was Taylor, not the person who prepared the record. Therefore, not only were the exhibits themselves hearsay, they contained hearsay.
When a business record contains a hearsay statement, the admissibility of the record depends on whether the hearsay statement in the record would itself be admissible under some exception to the hearsay rule. In other words, if the person who prepared the record could not testify in court concerning the recorded information, the information does not become admissible as evidence merely because it has been recorded in the regular course of business.
In McGowan v. City of Los Angeles, 100 Cal. App.2d 386, 223 P.2d 862 (1950), the Court, in discussing the Uniform Business Records as Evidence Act, stated:

*504 "The statute does not change the rules of competency or relevancy with respect to recorded facts. It does not make that proof which is not proof. It merely provides a method of proof of an admissible `act, condition or event'. It does not make the record admissible when oral testimony of the same facts would be inadmissible."
The Court in Penn v. Hartman, 525 S.W.2d 773 (Mo. App. 1975), made the same observation, stating that the Uniform Business Records Act "... does not make admissible any evidence which would be incompetent if offered in person."
Numerous cases have held various types of law enforcement reports inadmissible as business records on the ground that the recorded statement was not based on the entrant's own observations or on information supplied by one who had a business duty to transmit such information. Fairmont v. Sjostrom, 280 Minn. 87, 157 N.W.2d 849 (1968); Wells v. State, 254 Ind. 608, 261 N.E.2d 865 (1970); Calhoun v. Chappell, 117 Ga. App. 865, 162 S.E.2d 300 (1968); Moncrief v. City of Detroit, 398 Mich. 181, 247 N.W.2d 783 (1976); Logan v. Grady, 482 S.W.2d 313 (Tex.Civ.App. 1972).
The question before us then is whether there is some exception to the hearsay rule which would permit the statements of Taylor to be admitted into evidence had they not been recorded. In other words, could Charles Barfield, who prepared the exhibits, testify about what Taylor told him. We think not.
The States suggests that Taylor's statement is admissible under the "state of mind" exception to the hearsay rule, contending that the statement indicated Van Zant's state of mind as well as Taylor's. The state of mind exception to the hearsay rule relates to a statement showing the declarant's state of mind, not someone else's. The statement is admissible to prove the declarant's state of mind at the time of the statement when that is at issue, or may be offered to prove that the plan or intention stated by the declarant was subsequently acted upon. McCormick on Evidence, 2nd Ed., §§ 294, 295 (1972). See Webb v. State, 336 So.2d 416 (Fla.2d DCA 1976). Taylor's statement neither refers to any plan or intention she had regarding Van Zant nor does it indicate what her state of mind was on the date she made the statement, assuming that her state of mind on 6 May might be relevant.
We hold, therefore, that it was error to admit Exhibits 9 and 10 into evidence.
Reversed and remanded for a new trial.
ERVIN, J., and MASON, ERNEST E., Associate Judge, concur.