GARRETT, Judge,
concurs specially with opinion.
I concur that the admission of the hospital records without proper foundation was reversible error. However, our holding should not be taken as foreclosing appellee from proving that appellant said she “fell coming out of the pool.” Appellee can call the person who heard appellant’s statement. If that person does not recall hearing the statement, but recalls making the report, the report may be admitted as “recorded recollection.” [1] § 90.803(5), Fla. Stat. (1989).
Further, I agree that appellant’s statement was not a statement made for purposes of medical diagnosis or treatment. § 90.803(4), Fla.Stat. (1989). Appellant could not substantiate her trial testimony by introducing her statement to the treating doctor about how the accident happened. However, appellee used the statement against appellant. As an admission, appellant’s statement should be admissible as an exception to the hearsay rule, *199 § 90.803(18), Fla.Stat. (1989), providing the appropriate witness is available to testify about hearing the statement or making the report.

. Because appellant did not have a business duty to transmit her statement, Van Zant v. State, 372 So.2d 502, 503-504 (Fla. 1st DCA 1979), I do not contend that the report could be admitted as a "business record" exception to the hearsay rule. § 90.803(6), Fla.Stat. (1989).