ALLEN, Judge.
The appellant challenges her convictions for grand theft, exploitation of an aged person or disabled adult, and four counts of forgery. Because the trial court admitted forgery affidavits into evidence in violation of the hearsay rule, we reverse.
All of the charges against the appellant grew out of the prosecution’s theory that the appellant had forged checks drawn on the account of an elderly woman named Bernice Booker, and that the appellant had stolen the funds received upon presentation of the forged instruments. Prior to trial Ms. Booker suffered a stroke and died. To prove that Ms. Booker’s name was written on her cheeks without her consent and that she did not receive the proceeds from the cheeks, the prosecution offered affidavits to this effect which Ms. Booker had signed prior to the appellant’s arrest. The defense raised the objection that the affidavits were hearsay, but the trial court ruled that the affidavits were admissible under the business records exception. See § 90.803(6), Fla. Stat. (1991).
On appeal, the appellant argues that even if the affidavits themselves were admissible as business records, the information in the affidavits also constitutes hearsay that must qualify under an exception to be admissible. The appellee concedes that this second level of hearsay exists, see Van Zant v. State, 372 So.2d 502 (Fla.App.1979), but maintains that in this case it is covered by the excited utterance exception. See § 90.803(2), Fla. Stat. (1991). We reject this contention. The prosecution never argued at trial that the *485 testimonial aspect of the affidavits was admissible under the excited utterance exception, and the trial court never so ruled. Furthermore, the trial testimony upon which the appellee now relies is insufficient to support a conclusion that the statements in the affidavits qualify as an excited utterance.
Finally, we are unable to declare beyond a reasonable doubt on the record before us that the erroneous admission of this evidence “did not affect the jury verdict.” State v. DiGuilio, 491 So.2d 1129, 1138 (Fla.1986). Accordingly, we reverse the appellant’s convictions and remand for a new trial.
SMITH and DAVIS, JJ., concur.