DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GAINUS WRIGHT, III** and **CYD R. WRIGHT,**
Appellants,

v.

**JPMORGAN CHASE BANK, N.A.,**
Appellee.

No. 4D14-565

[July 1, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Cynthia G. Imperato, Judge; L.T. Case No. CACE09065166.

Matthew David Bavaro and Laura L. Hoy of Loan Lawyers, LLC, Plantation, for appellants.

W. Aaron Daniel and Elliott B. Kula of Kula & Associates, P.A., North Miami, for appellee.

PER CURIAM.

We reverse the final judgment of foreclosure in favor of appellee JPMorgan Chase Bank, N.A., because appellee did not prove that it had standing to bring this action.

The original lender under the note and mortgage was Chase Bank, USA, N.A. There was no evidence that the note and mortgage were ever transferred from Chase Bank to JPMorgan Chase. Although there was testimony at trial that Chase Bank is a wholly owned subsidiary of JPMorgan Chase, "[a] parent corporation and its wholly-owned subsidiary are separate and distinct legal entities. . . . As a separate legal entity, a parent corporation . . . cannot exercise the rights of its subsidiary." *Am. Int'l Group, Inc. v. Cornerstone Bus., Inc.*, 872 So. 2d 333, 336 (Fla. 2d DCA 2004); *see also Federated Title Insurers, Inc. v. Ward*, 538 So. 2d 890, 891 (Fla. 4th DCA 1989). Thus, ownership of the note by subsidiary Chase Bank does not give parent corporation JPMorgan Chase the right to enforce the note, absent evidence that JPMorgan Chase acquired such a right through, for example, a purchase or servicing agreement.

JPMorgan Chase argues that it did acquire servicing rights over the loan prior to the filing of the complaint, relying on a notice of servicing transfer filed in the court file. This document is not competent evidence, however, because it was never authenticated and admitted into evidence at trial. *See Wolkoff v. Am. Home Mortg. Serv., Inc.,* 153 So. 3d 280, 281-82 (Fla. 2d DCA 2014) ("A document that was identified but never admitted into evidence as an exhibit is not competent evidence to support a judgment."); *Beaumont v. Bank of New York Mellon,* 81 So. 3d 553, 555 n.2 (Fla. 5th DCA 2012) (copy of an assignment of a note in the court file was not competent evidence where it was never authenticated and offered into evidence).

We thus reverse and direct judgment in favor of the appellants, dismissing the foreclosure on the mortgage for failure of the appellee to prove its standing.

WARNER, LEVINE and CONNER, JJ., concur.

\*         \*         \*

***Not final until disposition of timely filed motion for rehearing.***

2