DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SONIA J. SANCHEZ** and **HECTOR L. SANCHEZ,**
Appellants,

v.

**SUNTRUST BANK,** et al.,
Appellees.

No. 4D14-2457

[November 25, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jack Schramm Cox, Judge; L.T. Case No. 2010CA000680 XXXXMB.

Reid C. McCullough, Kendrick Almaguer, Peter Ticktin and Josh Bleil of The Ticktin Law Group, P.A., Deerfield Beach, for appellants.

Adam M. Topel, Jacob E. Mitrani and Frank P. Cuneo of Liebler, Gonzalez & Portuondo, Miami, for appellee Suntrust Bank.

KLINGENSMITH, J.

Sonia J. Sanchez and Hector L. Sanchez ("appellants") appeal the trial court's final judgment of foreclosure in favor of Suntrust Bank ("appellee"). They argue that the trial court abused its discretion by admitting certain documents into evidence under the business records exception. These documents include: a screenshot of a computerized record keeping system; the payment history; two default letters; the collection notes; and a payoff calculation. We agree with appellants and reverse.

Appellants executed a promissory note and mortgage with Suntrust Mortgage LLC ("Suntrust Mortgage"), a wholly owned subsidiary of appellee and the servicer of appellants' loan, in June 2006. In January 2010 appellee filed its initial complaint, but failed to attach the note. Later, in May 2010, appellee filed the original note which contained an undated, blank endorsement from Suntrust Mortgage.

At trial, appellee called an employee of Suntrust Mortgage to testify on various matters. During his testimony, he was also asked to authenticate

several documents intended for admission into evidence as business records. He explained that his job required him to review appellee's foreclosure files and internal systems, and that he typically reviewed the note, mortgage, breach letter, and payment history before attending trial. He also testified that he was familiar with three separate record keeping systems utilized by both Suntrust Mortgage and appellee.

The note in this case contained a blank endorsement, and the witness explained that he knew the blank endorsement was placed on the note prior to the filing of the initial complaint because it was appellee's policy to endorse notes upon receiving them after execution. Reading from the screenshot, which he stated was taken from "the system . . . used by our vault people to keep track of any original documents," he testified that the note was endorsed in blank three days after the promissory note and mortgage were executed, and over three years before suit was filed.

The trial court admitted the screenshot under the business records exception, over appellants' objection claiming lack of foundation and hearsay. Subsequently, appellee also successfully moved the payment history, default letters, collection notes, and payoff calculation into evidence on the same grounds, over appellants' same objections.

As we have held in the past:

> The business records exception, found in section 90.803(6), Florida Statutes (2013), allows a party to introduce evidence that would normally be inadmissible hearsay if:
>
> (1) the record was made at or near the time of the event; (2) was made by or from information transmitted by a person with knowledge; (3) was kept in the ordinary course of a regularly conducted business activity; and (4) that it was a regular practice of that business to make such a record.

*Peguero v. Bank of Am., N.A.*, 169 So. 3d 1198, 1201 (Fla. 4th DCA 2015) (quoting *Yisrael v. State*, 993 So. 2d 952, 956 (Fla. 2008)).

In this case, counsel for appellee did not question the witness as to whether each exhibit was "made at or near the time of the event" that it described. *Id.* (quoting *Yisrael*, 993 So. 2d at 956). Because this element was not established, admitting appellee's documents into evidence under the business records exception was error.

2

Additionally, it does not appear that appellee's witness was qualified to lay the proper foundation for the introduction of the screenshot. Regarding who is qualified to testify for the purpose of authenticating business records, we have stated:

> [T]he the fact that a witness employed all the "magic words" of the exception does not necessarily mean that the document is admissible as a business record. *Yang v. Sebastian Lakes Condo. Ass'n,* 123 So. 3d 617, 621–22 (Fla. 4th DCA 2013).

> To lay a foundation for the admission of a business record, it is not necessary for the proponent of the evidence to call the person who actually prepared the business records. *Cooper v. State*, 45 So. 3d 490, 492 (Fla. 4th DCA 2010). "The records custodian or any qualified witness who has the necessary knowledge to testify as to how the record was made can lay the necessary foundation." *Twilegar v. State*, 42 So. 3d 177, 199 (Fla. 2010) (quoting *Forester v. Norman Roger, Jewell & Brooks Int'l, Inc.*, 610 So. 2d 1369, 1373 (Fla. 1st DCA 1992)). Stated another way, "the witness just need be well enough acquainted with the activity to provide testimony." *Cayea v. CitiMortgage, Inc.*, 138 So. 3d 1214, 1217 (Fla. 4th DCA 2014). "To the extent the individual making the record does not have personal knowledge of the information contained therein, the second prong of the predicate requires the information to have been supplied by an individual who does have personal knowledge of the information and who was acting in the course of a regularly conducted business activity." *Brooks v. State*, 918 So. 2d 181, 193 (Fla. 2005), *receded from on other grounds by State v. Sturdivant*, 94 So. 3d 434 (Fla. 2012).

*Landmark Am. Ins. Co. v. Pin-Pon Corp.*, 155 So. 3d 432, 441 (Fla. 4th DCA 2015).

In the context of a foreclosure action, a representative of a loan servicer testifying at trial is not required to have personal knowledge of the documents being authenticated, but must be familiar with and have knowledge of how the "company's data [is] produced." *Glarum v. LaSalle Nat'l Ass'n,* 83 So. 3d 780, 783 (Fla 4th DCA 2011); *see also Cayea*, 138 So. 3d at 1217 ("Printouts of data prepared for trial may be admitted under the business records exception even if the printouts themselves are not kept in the ordinary course of business so long as a qualified witness testifies as to the manner of preparation, reliability, and trustworthiness."). If a representative of a servicing agent testifying at trial

knows "how the data was produced," and is "familiar with the bank's record-keeping system and ha[s] knowledge of how the data was uploaded into the system," the business records exception is satisfied. *Weisenberg v. Deutsche Bank Nat'l Trust Co.*, 89 So. 3d 1111, 1112-13 (Fla. 4th DCA 2012).

Although the witness had seen screenshots like the one entered into evidence before, he did not know anything about the process by which they were created, and admitted that the screenshot was not generated by any of the three servicing systems he was acquainted with. Finally, he stated that he believed the screenshot accurately reflected the date the endorsement was placed on the note based entirely upon a conversation he had with another employee he could identify only by first name. On these facts it cannot be said that this witness had sufficient knowledge to lay the foundation for the admission of the screenshot into evidence under the business records exception. *See Ensler v. Aurora Loan Servs.*, No. 4D14-351, 2015 WL 6496304, at *2 (Fla. 4th DCA Oct. 28, 2015) (stating that a "'witness's general testimony that a prior note holder follows a standard record-keeping practice, without discussing details to show compliance with section 90.803(6), is not enough to establish a foundation for the business records exception.'" (quoting *Holt v. Calchas, LLC*, 155 So. 3d 499, 505 (Fla. 4th DCA 2015))).

Even if the screenshot had been properly admitted into evidence under the business records exception, this would have established only Suntrust Mortgage's standing to foreclose, not appellee's standing to bring this action. Although the witness provided testimony that Suntrust Mortgage placed the blank endorsement on the note before appellee filed suit, he did not state when appellee, the foreclosing party that actually filed the initial complaint, came into possession of the note.

"[P]ossession of the original note, indorsed in blank, [is] sufficient under Florida's Uniform Commercial Code to establish that [a party is] the lawful holder of the note, entitled to enforce its terms." *Riggs v. Aurora Loan Servs., LLC*, 36 So. 3d 932, 933 (Fla. 4th DCA 2010). We have repeatedly held that a party attempting to prove standing based upon possession of a note reflecting an undated, blank endorsement must prove that it had possession of the instrument at the time the initial complaint was filed. *See, e.g., Snyder v. JP Morgan Chase Bank, Nat'l Ass'n*, 169 So. 3d 1270, 1273 (Fla. 4th DCA 2015) (stating that where note contained an undated, blank endorsement, "the plaintiff seeking to foreclose on a note must be in possession of the note prior to institution of the suit, whether as the holder or having the rights of the holder"). A failure to provide sufficient proof of standing warrants reversal. *See, e.g., Peoples v. Sami II Trust 2006-AR6,*

No. 4D14-2757, 2015 WL 5948218, at *2 (Fla. 4th DCA Oct. 14, 2015) (reversing and remanding case for entry of final judgment in favor of borrower where appellee failed to establish standing to foreclose); *Synder*, 169 So. 3d at 1274 (reversing and remanding where lender "did not prove that it had possession of the note when it filed suit, and in fact showed that it did not have possession"); *Lloyd v. Bank of N.Y. Mellon*, 160 So. 3d 513, 515-16 (Fla. 4th DCA 2015) (reversing and remanding case for "entry of a judgment in favor of the Defendants" where bank's standing to foreclose was not supported by competent substantial evidence).

Even though appellee's witness claimed that Suntrust Mortgage was a wholly owned subsidiary of appellee, the fact that a subsidiary may have standing to foreclose does not automatically establish that its parent company also has standing, absent evidence more substantial than a witness' testimony regarding the existence of a parent-subsidiary relationship. As we recently noted:

> The original lender under the note and mortgage was Chase Bank, USA, N.A. There was no evidence that the note and mortgage were ever transferred from Chase Bank to JPMorgan Chase. Although there was testimony at trial that Chase Bank is a wholly owned subsidiary of JPMorgan Chase, "[a] parent corporation and its wholly-owned subsidiary are separate and distinct legal entities. . . . As a separate legal entity, a parent corporation . . . cannot exercise the rights of its subsidiary." *Am. Int'l Group, Inc. v. Cornerstone Bus., Inc.*, 872 So. 2d 333, 336 (Fla. 2d DCA 2004); *see also Federated Title Insurers, Inc. v. Ward*, 538 So. 2d 890, 891 (Fla. 4th DCA 1989). Thus, ownership of the note by subsidiary Chase Bank does not give parent corporation JPMorgan Chase the right to enforce the note, absent evidence that JPMorgan Chase acquired such a right through, for example, a purchase or servicing agreement.

> JPMorgan Chase argues that it did acquire servicing rights over the loan prior to the filing of the complaint, relying on a notice of servicing transfer filed in the court file. This document is not competent evidence, however, because it was never authenticated and admitted into evidence at trial.

*Wright v. JPMorgan Chase Bank, N.A.*, 169 So. 3d 251, 251-52 (Fla. 4th DCA 2015).

In this case appellee failed to lay a sufficient foundation for the admission of its records into evidence under the business records exception. Moreover, even if appellee had done so, the witness was not qualified to lay the necessary foundation for admitting the screenshot into evidence because he was not familiar with the system that generated that document. Because this erroneously admitted evidence was necessary for appellee to prove not only its standing to foreclose, but also the outstanding balance on the loan and its compliance with the conditions precedent to foreclosure as outlined in the mortgage, the final judgment must be reversed for entry of judgment in favor of appellants.

*Reversed and Remanded.*

STEVENSON and LEVINE, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

6