NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MARLENA KNIGHT, DERRICK )
KNIGHT, and SARA PORTER, )
)
    Appellants, )
)
v. )    Case No. 2D16-3241
)
GTE FEDERAL CREDIT UNION, )
)
    Appellee. )
_____ )

Opinion filed February 14, 2018.

Appeal from the Circuit Court for
Hillsborough County; James M. Barton,
Judge.

Mark P. Stopa of Stopa Law Firm, LLC,
Tampa, and Latasha Scott of Lord Scott,
PLLC, Tampa, for Appellants.

John D. Cusick of Phelan Hallinan
Diamond & Jones, PLLC, Ft.
Lauderdale, for Appellee.


BADALAMENTI, Judge.

        Derrick Knight, Marlena Knight, and Sara Porter (the Borrowers) appeal

from a final judgment of foreclosure entered in favor of GTE Federal Credit Union

(GTE). On appeal, the Borrowers contend that the trial court abused its discretion by

admitting a "letter log" produced by GTE's loan servicer because it contained

inadmissible hearsay.  At the conclusion of the bench trial, the Borrowers moved for an involuntary dismissal of the foreclosure complaint, arguing that without that letter log, GTE failed to present competent, substantial evidence that it mailed the written notice of acceleration of the note to the Borrowers as required by paragraph 22 of the mortgage. We reverse the trial court's denial of the Borrowers' motion for involuntary dismissal because GTE neglected to carry its burden to establish that it had complied with paragraph 22.

GTE's sole witness was a default corporate representative from its loan servicer, Cenlar, FSB (Cenlar).  The witness testified that in Cenlar's normal course of business, Cenlar employees input information regarding the loans it services into its servicing platform.  Cenlar utilizes the information stored within its servicing platform to compose a default letter addressed to a borrower in default on a mortgage.  That default letter is then sent to a third-party vendor to be mailed.[1]  According to the witness, that third-party vendor, About Mail, "tak[es] the letter, put[s] it in the envelope and drop[s] it off at the post office."  The witness explained that About Mail does not have access to Cenlar's servicing platform.  As such, About Mail cannot make an entry into Cenlar's letter log indicating that it mailed a default letter.  Instead, once Cenlar receives a "report" from About Mail indicating that About Mail mailed the default letter, a Cenlar employee inputs that information on Cenlar's letter log at or near the time that the default letter was sent.  The witness admitted that the entry in the letter log "is based on

---

[1]A "letter log" is a tracking system Cenlar utilizes "to identify all letters being sent out on a loan."  The default letter contained the notice that failure to cure the default may result in acceleration of the sums due, as required by paragraph 22 of the mortgage.

something that About Mail allegedly did and told to Cenlar." The witness stated that he had no documents with him that "in any way reference the company About Mail." He further did not have any documents to support his testimony that About Mail mailed the letter to the Borrowers on the date indicated in Cenlar's letter log. The witness neither visited About Mail's offices nor had any contact with About Mail's employees. The Borrowers' counsel objected to the admission of the letter log as follows:

> And this letter log, where this voir dire started, contains hearsay within hearsay. The entry itself is hearsay because the entry purported to reflect the letter is not something that Cenlar did, but it's based on something that [About Mail] would have communicated to Cenlar in some way. The communication from the other company to Cenlar is the hearsay. And there's no exception to that hearsay here.

Over the Borrowers' hearsay objection, the trial court admitted the letter log under the business records exception to the hearsay rule. After GTE rested, the Borrowers renewed their hearsay objections as to the letter log and moved for involuntary dismissal, which the trial court denied. The trial court subsequently entered a final judgment of foreclosure in favor of GTE.

We review de novo a trial court's ruling on a motion for involuntary dismissal. Deutsche Bank Nat'l Tr. Co. v. Kummer, 195 So. 3d 1173, 1175 (Fla. 2d DCA 2017). A trial court's ruling on the admissibility of evidence is reviewed for an abuse of discretion. Heller v. Bank of Am., NA, 209 So. 3d 641, 643 (Fla. 2d DCA 2017).

The trial court abused its discretion by admitting Cenlar's letter log under the business records exception. Hearsay is an out-of-court statement "offered in evidence to prove the truth of the matter asserted." § 90.801(c), Fla. Stat. (2016).

"Except as provided by statute, hearsay evidence is inadmissible." § 90.802. A document is admissible under the business records exception to the hearsay rule if

> (1) the record was made at or near the time of the event; (2) was made by or from information transmitted by a person with knowledge; (3) was kept in the ordinary course of a regularly conducted business activity; and (4) . . . it was a regular practice of that business to make such a record.

Yisrael v. State, 993 So. 2d 952, 956 (Fla. 2008); accord § 90.803(6)(a). "[W]hen a business record contains a hearsay statement, the admissibility of the record depends on whether the hearsay statement in the record would itself be admissible under some exception to the hearsay rule." Van Zant v. State, 372 So. 2d 502, 503 (Fla. 1st DCA 1979). "[I]f the person who prepared the record could not testify in court concerning the recorded information, the information does not become admissible as evidence merely because it has been recorded in the regular course of business." Id.

"In the context of a foreclosure action, a representative of a loan servicer testifying at trial is not required to have personal knowledge of the documents being authenticated, but must be familiar with and have knowledge of how the 'company's data [is] produced.' " Sanchez v. Suntrust Bank, 179 So. 3d 538, 541 (Fla. 4th DCA 2015) (alteration in original) (quoting Glarum v. LaSalle Nat'l Ass'n, 83 So. 3d 780, 783 (Fla. 4th DCA 2011)). The witness must be "well enough acquainted with the activity to provide testimony." Cayea v. CitiMortgage, Inc., 138 So. 3d 1214, 1217 (Fla. 4th DCA 2014) (citing Cooper v. State, 45 So. 3d 490, 493 (Fla. 4th DCA 2010)).

Here, it is clear that the entry on the letter log denoting that the default letter was mailed by About Mail to the Borrowers is hearsay. It was an out-of-court

statement being offered to demonstrate that the default letter was mailed by About Mail to the Borrowers to satisfy the requirements set forth in paragraph 22 of the mortgage. Admission of this hearsay testimony under the business records exception was problematic. Cenlar's employee testified that he had no documents with him that "in any way reference the company About Mail," let alone any report from About Mail to Cenlar indicating that the default letter was mailed to the Borrowers. In other words, he did not demonstrate that he was "well enough acquainted" with About Mail's business practices to authenticate his testimony that the default letter was mailed by About Mail in the regular course of About Mail's business. See id.

Although Cenlar's employee testified that the entries in the letter log are made by Cenlar employees at or near the time that the default letter is sent, that the entries are made by Cenlar employees based on a "record" sent by About Mail indicating that the letters are sent, that those entries are made in the regular course of business, and that it was Cenlar's regular course of business to generate such a letter log, see Yisrael, 993 So. 2d at 956, "the fact that a witness employed all the 'magic words' of the exception does not necessarily mean that the document is admissible as a business record." Sanchez, 179 So. 3d at 541 (quoting Landmark Am. Ins. Co. v. Pin-Pon Corp., 155 So. 3d 432, 441 (Fla. 4th DCA 2015)). Indeed, as this court has explained in Jackson v. Household Finance Corp. III, 43 Fla. L. Weekly D261b (Fla. 2d DCA Jan. 31, 2018), such testimony may be sufficient to lay the initial predicate for admission of records, shifting the burden to the opposing party to establish that the witness actually "lacked the requisite knowledge to testify as the records custodian." Id.

Here, the testimony established that the records were not properly admissible through Cenlar's employee. The employee testified that he did not work for About Mail, never visited About Mail's facility, never spoke with an About Mail employee, and did not have documents with him at trial that "in any way reference the company About Mail" and further testified that he did not have any documents—other than the letter log—to support his testimony that About Mail mailed the letter to the Borrowers on the date indicated in Cenlar's letter log. See Allen v. Wilmington Tr., N.A., 216 So. 3d 685, 688 (Fla. 2d DCA 2017) (concluding that witness's testimony about company's routine business practice did not establish rebuttable presumption of mailing of default letter because she did not have personal knowledge of the company's general practice in mailing letters); Sas v. Fed. Nat'l Mortg. Ass'n, 112 So. 3d 778, 779 (Fla. 2d DCA 2013) (holding that witness, a representative of the bank, was not qualified to testify regarding the amount of debt owed by debtor to the bank because he had no personal knowledge of the amount of debt and the bank introduced no evidence supporting his testimony).[2]

GTE has failed to introduce any admissible evidence that the default letter was actually mailed to the Borrowers. As such, GTE did not meet its burden of proving it satisfied the condition precedent of giving notice of acceleration of the note pursuant

[2]The Borrowers' overarching argument on appeal is that the letter log was hearsay within hearsay. The letter log contains two "levels" of hearsay: (1) the letter log containing the notes and (2) the content of the notes. The log is itself hearsay because it is an out-of-court statement being offered for the truth of the matter asserted, i.e., that GTE mailed the default letter to the Borrowers. See § 90.801(1)(c). It is Cenlar's account of the information provided to it by About Mail. Because we hold that the entry within the letter log indicating that the default letter was mailed by About Mail is inadmissible, we need not address the admissibility of the letter log as a whole.

to paragraph 22.  Thus, the trial court erred in denying the Borrowers motion for involuntary dismissal.  Accordingly, we reverse the judgment of foreclosure and remand for dismissal of the action.  See Allen, 216 So. 3d at 688.

Reversed and remanded with directions.

NORTHCUTT and SILBERMAN, JJ., Concur.