NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


CATHERINE M. RIVERA a/k/a )
CATHERINE RIVERA, )
                 )
        Appellant, )
                 )
v. )      Case No.  2D17-4417
                 )
THE BANK OF NEW YORK MELLON f/k/a )
THE BANK OF NEW YORK as successor )
in interest to JP Morgan Chase Bank, N.A., )
as Trustee for Structured Asset Mortgage )
Investments II Trust 2006-AR6 Mortgage )
Pass-Through Certificates Series 2006- )
AR6; ANTONIO RIVERA-JARAMILLO )
a/k/a MARCO A. RIVERA; MORTGAGE )
ELECTRONIC REGISTRATION )
SYSTEMS, INC., acting solely as nominee )
for Countrywide Bank, N.A.; UNITED )
STATES OF AMERICA, DEPARTMENT )
OF TREASURY; and BALLANTRAE )
HOMEOWNERS ASSOCIATION, INC., )
                 )
        Appellees. )
_____ )

Opinion filed July 24, 2019.

Appeal from the Circuit Court for Pasco
County; Kemba Johnson Lewis, Judge.

Mark P. Stopa of Stopa Law Firm, LLC,
Tampa (withdrew after briefing); Latasha
Scott of Lord Scott, PLLC, Tampa
(withdrew after briefing); Richard J.
Mockler of Stay In My Home, P.A., St.
Petersburg (withdrew after briefing);

Brendan R. Riley of Stewart & Riley, New
Port Richey (substituted as counsel of
record), for Appellant.

Nancy M. Wallace of Akerman LLP,
Tallahassee; William P. Heller of Akerman
LLP, Fort Lauderdale; and Brandon G.
Forgione of Akerman LLP, West Palm
Beach, for Appellee The Bank of New York
Mellon.

No appearance for remaining Appellees.

SILBERMAN, Judge.

Catherine M. Rivera appeals a final judgment of foreclosure in favor of

The Bank of New York Mellon f/k/a The Bank of New York as successor in interest to

JPMorgan Chase Bank, N.A., as Trustee for Structured Asset Mortgage Investments II

Trust 2006-AR6 Mortgage Pass-Through Certificates Series 2006-AR6 ("the Bank").

The final judgment was entered after a summary judgment hearing, and Rivera

contends that summary judgment was improper because genuine issues of material fact

remain on two subjects. We reject without further comment Rivera's argument that

there was an issue of material fact regarding the Bank's standing at the time of

judgment. But because a genuine issue of material fact remains as to whether a default

letter was mailed, we reverse the final judgment and remand for further proceedings.

In support of its motion for summary judgment, the Bank submitted the

affidavit of Edward Hyne, a litigation resolution analyst for Nationstar Mortgage LLC.

Hyne asserted that Nationstar was the loan servicer for the Bank, and attachments to

the affidavit include the default letter and a log that was a business record of Nationstar.

The log reflects that on November 2, 2015, "DEMAND LETTER SENT BY WALZ." With

respect to the log, Hyne asserted that it is "a true and correct copy of Nationstar's business records showing the letter was mailed by regular and certified first class mail. This information was transmitted by a person with personal knowledge of the mailing at the time the mailing occurred."

At the summary judgment hearing, the Bank's counsel acknowledged that Walz was a third-party vendor. Nothing in Hyne's affidavit indicates that he was familiar with Walz's regular business practice regarding mailing or that Hyne had personal knowledge that the default letters were mailed. Although his affidavit states that "a person with personal knowledge of the mailing" transmitted the information, he did not assert that he was that person.

Rivera contends that the Bank failed to meet its summary judgment burden to prove that it complied with the condition precedent of giving notice of default under paragraph 22 of the mortgage. Specifically, she contends that the Bank failed to prove that a default letter was mailed as required by paragraph 15 of the mortgage and that a genuine issue of material fact remains. Under paragraph 15, notice is "deemed to have been given to Borrower when mailed by first class mail or when actually delivered."

Our review of a summary judgment is de novo. Johnson v. Deutsche Bank Nat'l Tr. Co. Ams., 248 So. 3d 1205, 1207 (Fla. 2d DCA 2018). To prevail on summary judgment, the moving party must conclusively show "that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law." Id. at 1208 (quoting Coral Wood Page, Inc. v. GRE Coral Wood, LP, 71 So. 3d 251, 253 (Fla. 2d DCA 2011)). "If the record reflects the existence of any genuine issue of material fact or

- 3 -

the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper." Id. (quoting Atria Grp., LLC v. One Progress Plaza, II, LLC, 170 So. 3d 884, 886 (Fla. 2d DCA 2015)). Affidavits in support of or opposition to summary judgment must be made on personal knowledge and contain facts that would be admissible in evidence. Fla. R. Civ. P. 1.510(e).

The notice requirement in paragraph 22 of the mortgage is a condition precedent to filing a foreclosure suit. Kamin v. Fed. Nat'l Mortg. Ass'n, 230 So. 3d 546, 548 (Fla. 2d DCA 2017); Green Tree Serv., LLC v. Milam, 177 So. 3d 7, 12 (Fla. 2d DCA 2015). In her answer, Rivera denied that the Bank complied with paragraphs 15 and 22 and alleged that it failed to give notice of default. Rivera submitted an affidavit stating that she never received any notice of default. Under paragraph 15, notice is "deemed to have been given to Borrower when mailed by first class mail or when actually delivered." To be entitled to summary judgment, the Bank must conclusively show that a default letter was mailed or delivered in compliance with paragraphs 15 and 22. See Kamin, 230 So. 3d at 549.

A default letter alone attached to a summary judgment affidavit is insufficient to prove that the letter was mailed. See id. To prove mailing, a party must "produc[e] additional evidence such as proof of regular business practices, an affidavit swearing that the letter was mailed, or a return receipt." Allen v. Wilmington Tr., N.A., 216 So. 3d 685, 688 (Fla. 2d DCA 2017). To use routine business practice to prove mailing, "the witness must have personal knowledge of the company's general practice in mailing letters." Id.; see also Edmonds v. U.S. Bank Nat'l Ass'n, 215 So. 3d 628, 630 (Fla. 2d DCA 2017).

Of course, Nationstar's business records can be admissible in evidence under the business records exception to the hearsay rule. See § 90.803(6)(a), Fla. Stat. (2018). But if that "business record contains a hearsay statement, the admissibility of the record depends on whether the hearsay statement in the record would itself be admissible under some exception to the hearsay rule." Knight v. GTE Fed. Credit Union, 43 Fla. L. Weekly D348, D349 (Fla. 2d DCA Feb. 14, 2018)[1] (quoting Van Zant v. State, 372 So. 2d 502, 503 (Fla. 1st DCA 1979)). Hearsay information does not become admissible "merely because it has been recorded in the regular course of business." Id. (quoting Van Zant, 372 So. 2d at 503). Although a loan servicer's representative need not "have personal knowledge of the documents being authenticated," the witness "must be familiar with and have knowledge of how the" business produces its data. Id. (quoting Sanchez v. SunTrust Bank, 179 So. 3d 538, 541 (Fla. 4th DCA 2015)).

In Knight, a letter log produced by the loan servicer, Cenlar, FSB, was introduced in evidence under the business records exception. Id. at D348-49. Cenlar's representative testified that Cenlar prepares the default letters and sends them to About Mail, a third-party vendor, for mailing. Id. at D349. The Cenlar "witness admitted that the entry in the letter log 'is based on something that About Mail allegedly did and told to Cenlar.' " Id. The witness did not have any documents from About Mail indicating that

---

[1]GTE filed a notice to invoke discretionary jurisdiction of the Florida Supreme Court, and the Florida Supreme Court has stayed the proceedings pending the disposition of Jackson v. Household Finance Corp., Case No. SC18-357, which is pending in the Florida Supreme Court. See GTE Fed. Credit Union v. Knight, Case No. SC18-790 (Fla. May 29, 2018).

the default letter was mailed.  Id.  He also "testified that he did not work for About Mail, never visited About Mail's facility, [and] never spoke with an About Mail employee."  Id.

Under these circumstances, this court determined that the plaintiff failed to introduce "admissible evidence that the default letter was actually mailed."  Id.  Thus, this court reversed the final judgment of foreclosure because the plaintiff failed to prove that it satisfied the condition precedent of giving the notice required by paragraph 22. Id.; see also Spencer v. Ditech Fin., LLC, 242 So. 3d 1189, 1191 (Fla. 2d DCA 2018) ("Ms. Knight admitted that she was never employed by EverHome and did not have firsthand knowledge of EverHome's mailing practices as of the date the default letter was generated.  Therefore, her testimony was insufficient to establish that the default letter was mailed.");  cf. Thorlton v. Nationstar Mortg., LLC, 257 So. 3d 596, 602 (Fla. 2d DCA 2018) (determining that there was sufficient evidence of mailing at a bench trial when a witness had "personal knowledge of a foreclosing entity's and third-party vendor's routine business practices and policies for drafting and mailing a default letter, coupled with the admission of the default letter itself").

Here, on a motion for summary judgment, the Bank failed to conclusively show that the default letter was mailed.  Hyne's affidavit asserts that "[t]his information was transmitted by a person with personal knowledge of the mailing at the time the mailing occurred."  But nothing in Hyne's affidavit indicates that he was that person, that he had ever been employed by Walz, or that he had personal knowledge of Walz's mailing practices.  In summary, the affidavit fails to establish that Hynes had firsthand knowledge of Walz's "practices and policies for drafting and mailing a default letter." Thorlton, 257 So. 3d at 602.

Therefore, a genuine issue of material fact remains as to whether a default letter was mailed or delivered in compliance with paragraphs 15 and 22 of the mortgage.  Accordingly, we reverse the final judgment of foreclosure and remand for further proceedings.

Reversed and remanded.


NORTHCUTT and ROTHSTEIN-YOUAKIM, JJ., Concur.