NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


DOUGLAS C. EDMONDS and )
ARCHONDOULA N. EDMONDS, )
                       )
      Appellants, )
                       )
v. )      Case No. 2D15-2590
                       )
U.S. BANK NATIONAL ASSOCIATION; )
JP MORGAN CHASE BANK, NATIONAL )
ASSOCIATION, )
                       )
      Appellees. )
_____)

Opinion filed April 5, 2017.

Appeal from the Circuit Court for
Lee County; James R. Thompson,
Senior Judge.

Mark P. Stopa of Stopa Law Firm, Tampa,
for Appellants.

Ira Scot Silverstein of Ira Scot Silverstein,
PLLC, Fort Lauderdale, for Appellee U.S.
Bank National Association.

No appearance for Appellee JP Morgan
Chase Bank, National Association.


SILBERMAN, Judge.

           After a nonjury trial, Douglas C. Edmonds and Archondoula N. Edmonds

appeal a final judgment of foreclosure entered in favor of JP Morgan Chase Bank,

National Association (JP Morgan). Because the appellees failed to establish that notice of default was given as required by paragraph 22 of the mortgage, which was a condition precedent to filing suit, we reverse the final judgment and remand for the trial court to enter an order of involuntary dismissal.

The condition precedent issue is dispositive of this appeal. Thus, we do not address the other issues that the Edmonds raise. However, we note that the record reflects somewhat of a procedural quagmire, which is the reason we have listed both JP Morgan and U.S. Bank National Association (U.S. Bank) as appellees. See Fla. R. App. P. 9.020(g)(2).

By way of background, the original lender was Chase Bank USA, N.A. (Chase). JP Morgan filed the foreclosure complaint and attached a copy of the note indorsed in blank. Prior to trial, JP Morgan filed a motion to substitute U.S. Bank as party plaintiff. At trial, counsel appeared for U.S. Bank, and the trial court asked if an order on the motion to substitute had ever been entered. The parties asserted that an order had been entered, but U.S. Bank's counsel could not find it in the file. Our record does not contain an order on the motion to substitute, and the trial court docket does not reflect that the trial court ever ruled on the motion. The final judgment identifies JP Morgan as the plaintiff and makes no mention of U.S. Bank. The Edmonds' notice of appeal identifies U.S. Bank as the plaintiff (now appellee), but their initial brief identifies JP Morgan as the appellee. The style of the answer brief lists JP Morgan as the appellee, but counsel specifies that the brief is filed on behalf of U.S. Bank. For ease of reference, we refer to the appellees as the Plaintiff unless otherwise required by the context.

With this background in mind, we turn to the issue of the notice of default. Paragraph 22 of the mortgage requires, among other things, that the lender give the borrowers notice of default and an opportunity to cure the default prior to acceleration of the debt. Paragraph 15 specifies that notices to the borrowers shall be deemed to have been given when they are mailed by first class mail or when actually delivered to the borrowers' notice address. In its complaint, JP Morgan alleged that it complied with all conditions precedent. In their answer, the Edmonds denied that JP Morgan gave the required notice of the alleged default and an opportunity to cure.

At trial, Vonterro White testified as a default specialist for Fay Servicing, LLC, the servicer for U.S. Bank. He acknowledged that another company had been the prior servicer for the loan. Among the documents introduced into evidence over the Edmonds' objection were four default letters dated January of 2014, identifying JP Morgan as the entity giving notice of default. A "welcome letter" was also introduced into evidence, reflecting that Fay Servicing became the servicer in August of 2014, several months after the date of the default letters and after JP Morgan had filed suit. The Plaintiff did not produce any return receipts, a mailing log, or any documentary evidence to show that the default letters were in fact mailed or delivered.

When questioned about one of the default letters White testified, over objection, that he knew the letter was mailed because it was addressed to the borrowers at the property address. He added that it "is the business practice to send letters on loans that are delinquent and these letters are sent every month." However, he admitted that he had never worked for Chase or JP Morgan. At the conclusion of this testimony the defense again objected, challenging both the testimony and the

admission of the default letters into evidence. Defense counsel argued that White's testimony was as to Fay Servicing's practices and procedures rather than Chase's or JP Morgan's and reiterated that White had not worked for Chase or JP Morgan. The trial court overruled the objection.

At the conclusion of the Plaintiff's case, the defense moved for an involuntary dismissal. The defense contended, among other things, that the Plaintiff failed to prove the default letters were mailed. The trial court denied the motion and entered a final judgment of foreclosure.

The Edmonds again argue, and we agree, that the Plaintiff failed to prove that it gave the required notice under the mortgage because it did not show that the default letters were mailed or actually delivered; thus, the Plaintiff failed to establish a condition precedent to suit. Although the letters were admitted into evidence, the fact that they were drafted is insufficient by itself to show that they were mailed. See Allen v. Wilmington Trust, N.A., No. 2D15-2976, slip op. at 3 (Fla. 2d DCA Mar. 24, 2017); see also Burt v. Hudson & Keyse, LLC, 138 So. 3d 1193, 1195 (Fla. 5th DCA 2014) (recognizing that the plaintiff had produced a letter but had offered no proof that it was mailed). A company's routine business practice may give rise to a rebuttable presumption of mailing, but "the witness must have personal knowledge of the company's general practice in mailing letters." Allen, slip op. at 4; see also § 90.406, Fla. Stat. (2014); CitiMortgage, Inc. v. Hoskinson, 200 So. 3d 191, 192 (Fla. 5th DCA 2016) (recognizing that the witness had personal knowledge of the plaintiff company's mailing practices).

White's testimony reflected no knowledge of JP Morgan's mailing procedures or practices, and he was never employed by JP Morgan, the entity that drafted the letters. Rather, he only testified as to a "normal course of business" of mailing letters in general. This testimony was insufficient to prove that the letters were mailed. See Allen, slip op. at 4 (determining that testimony was insufficient to establish routine business practice of mailing letters when the witness was never employed by or had personal knowledge of the mailing practices of the predecessor servicer that drafted the letter at issue). Thus, the failure to prove that the default letters were mailed or actually delivered and that the notice under paragraph 22 was given requires that we reverse the final judgment and remand for the trial court to enter an order of involuntary dismissal. See id. at 5; Blum v. Deutsche Bank Trust Co., 159 So. 3d 920, 920 (Fla. 4th DCA 2015).

Reversed and remanded with directions.

SLEET and BADALAMENTI, JJ., Concur.