KHOUZAM, Judge. Gary and Audrey Kamin appeal the final summary judgment of foreclosure entered in favor of Federal National Mortgage Association (FNMA), the substitute party plaintiff for CitiMortgage, Inc. (CitiMort-gage). Because there is a genuine issue of material fact as to whether CitiMortgage gave the Kamins notice of default as required by paragraph 22 of the mortgage, we reverse the final judgment and remand for further proceedings. We express no opinion on the other issues raised on appeal because this issue is dispositive. In January 2002, the Kamins executed a note and mortgage. On January 16, 2013, CitiMortgage filed a foreclosure complaint against the Kamins, alleging that all conditions precedent had been performed. Attached to the complaint were copies of the note indorsed in blank and the mortgage as well as various other documents. In response, the Kamins filed a motion to dismiss the complaint. The Kamins did not file an answer or any affirmative defenses to the complaint. FNMA was later substituted as plaintiff for CitiMortgage. Upon substitution, the Kamins filed an amended motion to dismiss and for summary judgment. The trial court did not rule upon the Kamins’ amended motion. On August 21, 2015, FNMA filed a motion for summary judgment. It attached a copy of CitiMortgage’s notice of default letter addressed to the Kamins and an affidavit from an employee of its loan sub-servicer, Seterus Inc. The Seterus affidavit stated, in pertinent part, that “[t]he [Ka-mins] were properly sent notice prior to acceleration of the loan, and prior to the filing of the foreclosure action, pursuant to the terms required in the Note and Mortgage.” The Seterus affidavit also provided that this information was taken from its “business records,” which were attached to the affidavit. In response to FNMA’s motion for summary judgment, the Kamins filed affidavits declaring that they had “never received any such notice from Plaintiff [CitiMort-gage] (or anyone purporting to act [sic] Plaintiffs behalf)” as required by paragraph 22 of the mortgage.[1] Paragraph 22 provides, in pertinent part, that following a breach of the mortgage, the lender must “give notice” of the default and an opportunity “to cure the default” prior to acceleration of the loan. Such notice, according to paragraph 15' of the mortgage, is “deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower’s notice address if sent by other means.” After holding a hearing on FNMA’s motion,[2] the trial court granted FNMA’s motion for summary' judgment and entered final judgment of foreclosure. The Kamins filed a motion for rehearing, arguing in part that there was a genuine issue of material fact as to whether Citi-Mortgage mailed the notice of default. The trial court denied the motion, and this appeal followed. We review a trial court’s order granting summary judgment de novo. Verizzo v. Bank of N.Y., 28 So.3d 976, 977 (Fla. 2d DCA 2010). If a plaintiff moves for summary judgment before an answer is filed, the plaintiff “must-not only establish that no genuine issue of material fact is present in the record as it stands, but also that the defendant could not raise any genuine issues of material fact if the defendant were permitted to answer the complaint.” BAC Funding Consortium Inc. ISAOA/ATIMA v. Jean-Jacques, 28 So.3d 936, 938 (Fla. 2d DCA 2010); see also Verizzo, 28 So.3d at 977 (“If a plaintiff files a motion for summary judgment before the defendant answers the complaint, ‘the plaintiff must conclusively show that the defendant cannot, plead'a genuine issue of material fact.’ ” (quoting E.J. Assocs., Inc. v. John E. & Aliese Price Found., Inc., 515 So.2d 763, 764 (Fla. 2d DCA 1987))). We agree with the Kamins that FNMA failed to. meet this; burden because the record reflects that a genuine issue of material fact exists as to whether FNMA’s predecessor, CitiMortgage, gave the Ka-mins notice of default. Though in a different procedural posture, this court dealt recently with a similar issue in Edmonds v. U.S. Bank National Ass’n, 215 So.3d 628 (Fla. 2d DCA 2017). There, after explaining that paragraph 22 requires the lender to provide notice of default to the borrowers as a.condition precedent to filing suit and that such notice is “deemed to have been given” under paragraph 15 when it is “mailed by first class mail or when actually delivered,” this court held that the substitute party plaintiff failed to prove at trial that the original plaintiff gave the defendants' notice of default. Id. at 629-30. Indeed, we rejected the notion that a foreclosing plaintiff can prove that a lénder mailed or actually delivered the default letter to the borrowers simply through the introduction of the actual default letter into evidence. See id. at 630 (“Although the letters were admitted into evidence, the fact that they were drafted is insufficient by itself to show that they were mailed.”). This court in Edmonds further rejected testimony from an employee of the substitute plaintiff regarding the original plaih-tiff s general mailing procedures or practices.' The employee testified in general that it was “the business practice [of the original plaintiff] to send letters on loans that are delinquent and these letters are sent every month.” Id. We reasoned that such “testimony was insufficient to prove that the letters were mailed".because the employee had “no knowledge of [the original plaintiffs] mailing procedures or practices” and was “never employed by [the original plaintiff], the entity that drafted the letters.” Id. at 630-31 (“A company’s routine business practice may give rise to a rebuttable presumption of mailing, but ‘the witness must have personal knowledge of the company’s general practice in mailing letters.’ ” (quoting Allen v. Wilmington Trust, N.A., 216 So.3d 685, 688 (Fla. 2d DCA 2017))). Accordingly, because, there was insufficient evidence to prove that all conditions precedent were performéd, this court reversed the final judgment. Id. at 631. Here, FNMA’s evidence—the Seterus affidavit and the notice of default letter— fails to conclusively establish that the-Ka-riiins could not raise any genuine issue of material fact concerning CitiMortgage’s compliance with paragraph 22. Although the Seterus affidavit states that the Ka-mins “were properly sent notice prior to acceleration of the loan[ ] and prior to the filing of the foreclosure action,” such a statement lacked a sufficient basis to prove that CitiMortgage actually provided notice of default to the Kamins.’ The Seterus affidavit neither asserted that the employee had personal knowledge of CitiMortgage’s routine business practices as they relate to mailing notice letters • nor included “any evidence that the notice letter had been mailed, such as a return receipt or mailing log.” Allen, 216 So.3d at 688; see also Edmonds, 215 So.3d at 630. And though FNMA attached CitiMortgage’s default letter to its motion for summary judgment, the letter’s mere existence only demonstrates, that it was drafted, not that it was “mailed or actually, delivered.” Edmonds, 215 So.3d at 630. Thus, because there is a genuine issue of material fact as to whether CitiMortgage complied with all conditions precedent, we reverse the 'final summary judgment of foreclosure and remand* for further proceedings. Reversed and remanded. LUCAS, J., and CARROLL, HUNTER W, ASSOCIATE JUDGE, Concur. . The Kamins contend that their affidavits create a genuine issue of material fact regarding whether CitiMortgage actually sent the notice of default. We reject their argument and decline to hold that evidence of nonre-ceipt of a notice of default letter is sufficient to create a genuine issue of material fact as to whether the notice had been sent. Paragraph 15 of the mortgage does not require proof of receipt. Rather, in order for notice to be "deemed” given, paragraph 15 simply requires proof of first class mailing or proof of delivery to the borrower’s notice address. . The record on appeal does not include a transcript of the hearing on FNMA's motion for summary judgment. However, a hearing transcript is usually "not necessary for appellate review of a summary judgment.” Houk v. PennyMac Corp., 210 So.3d 726, 730 (Fla. 2d DCA 2017) (quoting Shahar v. Green Tree Servicing LLC, 125 So.3d 251, 254 (Fla. 4th DCA 2013)),