NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

KELI N. JOHNSON and THOMAS E.   )
JOHNSON,                        )
                                )
          Appellants,           )
                                )
v.                              )        Case No. 2D16-4262
                                )
DEUTSCHE BANK NATIONAL TRUST     )
COMPANY AMERICAS, as Trustee RALI )
2007-QS1,                       )
                                )
          Appellee.             )
_____ )

Opinion filed May 11, 2018.

Appeal from the Circuit Court for Polk
County; Keith P. Spoto, Judge.

Mark P. Stopa of Stopa Law Firm, Tampa,
for Appellants.

William L. Grimsley, Kimberly Held Israel,
and N. Mark New, II, of McGlinchey
Stafford, Jacksonville, for Appellee.


LUCAS, Judge.

Keli and Thomas Johnson appeal the circuit court's entry of a final

summary judgment against them in a residential mortgage foreclosure case brought by

Deutsche Bank National Trust Company Americas, as Trustee RALI 2007-QS1 (RALI).

They raise five arguments on appeal. We find merit within the fourth—that RALI failed to conclusively establish its standing to enforce the Johnsons' promissory note—and reverse the summary judgment on that basis.

The Johnsons borrowed $236,000, apparently in connection with a home improvement construction loan, which was memorialized by a promissory note in that amount dated April 28, 2006. The Johnsons' note was originally payable to National City Mortgage, a division of National City Bank of Indiana, and secured by a mortgage on the Johnsons' property in Polk County, Florida. The promissory note contained three endorsements, the last of which made the note payable to "Deutsche Bank Trust Company Americas as Trustee," with no further identifying information of which trust this entity was acting on behalf of.[1]

When the Johnsons allegedly defaulted on the note in 2011, RALI filed the underlying complaint. It later amended its complaint twice, so that in its final, operative iteration, RALI alleged it had standing to enforce the Johnsons' note as a holder of the note. The Johnsons generally denied RALI's allegations in their answer and asserted

---

[1]Independently of the endorsements, RALI also filed a series of assignments, which it maintained established its standing as an owner and a holder of the Johnsons' note. These assignments would not establish RALI's standing for purposes of summary judgment, however, because the final assignment in the series only purported to assign the Johnsons' mortgage to RALI, not the note itself. See, e.g., Houk v. PennyMac Corp., 210 So. 3d 726, 732 (Fla. 2d DCA 2017) (holding that plaintiff "did not acquire standing to foreclose based on an assignment of only the mortgage"); Caballero v. U.S. Bank Nat'l Ass'n ex rel. RASC 2006-EMX7, 189 So. 3d 1044, 1046 (Fla. 2d DCA 2016) ("[A]ssignment was insufficient to show standing because it only purported to assign the mortgage, not the note."); Lamb v. Nationstar Mortg., LLC, 174 So. 3d 1039, 1041 (Fla. 4th DCA 2015) ("A bank does not have standing to foreclose where it relies on an assignment of the mortgage only."). RALI's second amended complaint asserts its standing solely on the theory that it was the holder of the Johnsons' note.

several affirmative defenses, including lack of standing on the part of RALI to enforce the note. RALI eventually filed the original note, which contained endorsements appearing to match those on the copy attached to its pleading.[2]

The case proceeded with itinerant discovery and motion practice, and on July 8, 2016, RALI filed a motion for summary judgment. In support of its motion, it also filed an affidavit signed by Sarah Greggerson, an employee of PNC Mortgage, an entity that purported to be servicing the Johnsons' loan. It appears from the record that RALI relied upon PNC's status as its servicer as a basis to establish RALI's status as a holder of the Johnsons' note (Ms. Greggerson's affidavit was the only one filed in support of RALI's motion for summary judgment). In our view, that was insufficient evidence of RALI's standing for purposes of summary judgment in this case.

We review a summary judgment under a de novo standard of review. Herendeen v. Mandelbaum, 232 So. 3d 487, 489 (Fla. 2d DCA 2017) (citing Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000)).

> Summary judgment is proper only where the moving party shows conclusively that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. When the nonmoving party has alleged affirmative defenses, the moving party must *conclusively refute the*

---

[2]RALI has not argued, either below or in this appeal, that it was entitled to an inference of possession of the note at the time the complaint was filed under Ortiz v. PNC Bank, National Ass'n, 188 So. 3d 923, 925 (Fla. 4th DCA 2016) ("[I]f the Bank later files with the court the original note in the same condition as the copy attached to the complaint, then we agree that the combination of such evidence is sufficient to establish that the Bank had actual possession of the note at the time the complaint was filed and, therefore, had standing to bring the foreclosure action, absent any testimony or evidence to the contrary."). Moreover, the trial court never made a finding upon which we could conclude that the Ortiz inference would have been applicable. See, e.g., Bueno v. Workman, 20 So. 3d 993, 998 (Fla. 4th DCA 2009) ("[A]n appellate court cannot employ the tipsy coachman rule where a lower court has not made factual findings on an issue.").

*factual bases for the defenses* or establish that they are legally insufficient. "The burden of proving the existence of genuine issues of material fact does not shift to the opposing party until the moving party has met its burden of proof."

Coral Wood Page, Inc. v. GRE Coral Wood, LP, 71 So. 3d 251, 253 (Fla. 2d DCA 2011) (emphasis added) (citations omitted) (quoting Deutsch v. Global Fin. Servs., LLC, 976 So. 2d 680, 682 (Fla. 2d DCA 2008)). "If the record reflects the existence of any genuine issue of material fact or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper." Atria Grp., LLC v. One Progress Plaza, II, LLC, 170 So. 3d 884, 886 (Fla. 2d DCA 2015) (quoting Holland v. Verheul, 583 So. 2d 788, 789 (Fla. 2d DCA 1991)).

This court has held that in residential mortgage foreclosure cases, the plaintiff bears the burden of proving its standing at the time of trial and at the time it filed its complaint if the issue of standing is contested. See Corrigan v. Bank of Am., N.A., 189 So. 3d 187, 189 (Fla. 2d DCA 2016) (en banc); see also Winchel v. PennyMac Corp., 222 So. 3d 639, 642-43 (Fla. 2d DCA 2017) (noting the "legal oddity" that standing has become in residential foreclosure cases and summarizing, "[o]nce put at issue by a defendant, then, standing becomes a part of the prima facie case that a foreclosure plaintiff must prove in order to secure a judgment"). The summary judgment evidence regarding RALI's standing—challenged, as it was, by the Johnsons' affirmative defense—fell short of what was required for a summary adjudication.

Ms. Greggerson's affidavit stated only that "Plaintiff has owned and held the Note since prior to the filing of the Complaint in this action." The problem with that assertion, however, is that Ms. Greggerson was not affiliated in any way with the plaintiff, RALI. The limited facts stated in her affidavit failed to address how she derived

this knowledge about RALI's connection to the Johnsons' note or how RALI became an owner or holder of the Johnsons' note; and there was no claim within her affidavit that PNC was holding the Johnsons' note on behalf of RALI. See, e.g., Peters v. Bank of N.Y. Mellon, 227 So. 3d 175, 180 (Fla. 2d DCA 2017) (finding testimony of "case manager" employed by servicer—who took over servicing after the filing of the lawsuit—was insufficient to establish ownership of the lost note because "Ms. Stevens had no personal knowledge about the Bank's claim to have acquired ownership of the note in 2006. Moreover, Ms. Stevens's testimony in this regard was not supported by the limited documentary evidence about the loan that was available. Because Ms. Stevens's testimony was not based on personal knowledge and was not supported by any documentation, we conclude that the testimony was insufficient to establish the Bank's ownership of the lost note."); Rosa v. Deutsche Bank Nat'l Tr. Co., 191 So. 3d 987, 988-89 (Fla. 2d DCA 2016) (holding that "the record in this case does not establish that Deutsche Bank had standing to foreclose at the time it filed its complaint" because its sole witness, an employee of its servicer, Wells Fargo, "was unable to provide any testimony as to Deutsche Bank's acquisition of the note" and remarking that "[t]he only testimony as to possession of the note suggests that Wells Fargo, not Deutsche Bank, was the last entity to have possession of the note prior to the filing of the complaint"); Stoltz v. Aurora Loan Servs., LLC, 194 So. 3d 1097, 1098 (Fla. 2d DCA 2016) (finding second servicer's representative's testimony was insufficient to prove first servicer's standing at time of inception of suit because "[t]hat testimony established at most that the first servicer was in fact servicing the mortgage when it filed suit, not that the first servicer held the note when it filed suit"); Jaffer v. Chase Home Fin. LLC, 92 So. 3d 240,

242 (Fla. 4th DCA 2012) ("Under [Florida Rule of Civil Procedure 1.510(e)], affidavits must be based on personal knowledge, set forth facts which would be admissible in evidence, and show 'the affiant is competent to testify to the matters stated therein.' " (quoting Coleman v. Grandma's Place, Inc., 63 So. 3d 929, 932 (Fla. 4th DCA 2011))). And in this case, the documents attached to Ms. Greggerson's affidavit did not dispel the question of this note's ownership or who was the note's holder such that there was not "the slightest doubt that an issue might exist" concerning RALI's standing. See Atria Grp., 170 So. 3d at 886. Indeed, on this record, it is not even clear that PNC had the underlying authority to act as a servicer for RALI or to hold the Johnsons' note on RALI's behalf. Cf. Rosa, 191 So. 3d at 988 n.2 (noting that foreclosing plaintiff, Deutsche Bank, did not argue constructive possession of its note by its servicer, Wells Fargo, or that Wells Fargo was acting as Deutsche Bank's agent that was authorized to hold the note on Deutsche Bank's behalf (citing Phan v. Deutsche Bank Nat'l Tr. Co., 198 So. 3d 744 (Fla. 2d DCA 2016))). With respect to PNC's authority, Ms. Greggerson's affidavit stated only that "PNC is the mortgage servicer for the Plaintiff . . . for the mortgage loan account that is the subject of this litigation (the 'Mortgage Loan'). *A copy of the Power of Attorney from the Deutsche Bank Trust Company Americas, as Trustee to PNC is attached hereto as Exhibit 'A.' "* The limited power of attorney attached to her affidavit actually named Ocwen Loan Servicing, LLC, as RALI's servicer, not PNC.[3] Having elected to rely solely on this affidavit and its attachments, RALI failed

---

[3]A separate "certification" of one of Ocwen Loan Servicing, LLC's assistant secretaries was also attached as an exhibit to Ms. Greggerson's affidavit, and it appeared to include an enumerated list of certain PNC employees authorized to act on Ocwen's behalf. Ms. Greggerson's name did not appear on that list.

to meet its burden of proving there was no material issue of fact concerning RALI's standing. We must, therefore, reverse the final summary judgment.

In so holding, we do not reach the remaining issues the Johnsons present; first, because we need not do so in order to resolve this appeal, but second, because we are hesitant to do so in a case where we have no transcript from the summary judgment hearing in our record. This latter point is one we believe merits some elucidation.

Some of the arguments raised by the Johnsons in this appeal, while perhaps meritorious, presented the very real potentiality that they were either unpreserved or even waived. To take one example, the first issue the Johnsons advanced in their briefing was that RALI should not have obtained a summary judgment premised upon a loan modification agreement that RALI had neither pleaded nor attached to its operative complaint. We can see from our record that the final summary judgment in this case was indeed based, in part, upon a loan modification agreement that was introduced through Ms. Greggerson's affidavit. We can also see that that loan modification agreement was not mentioned anywhere within RALI's second amended complaint or attached as an exhibit to that pleading. See Fla. R. Civ. P. 1.130(a) ("All bonds, notes, bills of exchange, contracts, accounts, or documents on which action may be brought . . . must be incorporated in or attached to the pleading."); cf. Tracey v. Wells Fargo Bank, N.A., 43 Fla. L. Weekly D652b, D655b (Fla. 2d DCA Mar. 23, 2018) (holding that the trial court erred in permitting a foreclosing lender to amend its complaint to conform to the evidence at trial in order to recover on unpled loan modification agreements). What we cannot see is whether the Johnsons brought that

- 7 -

pleading impropriety to the circuit court's attention at any time prior to or during the summary judgment hearing.  See Martinez v. Abraham Chevrolet-Tampa, Inc., 891 So. 2d 579, 581 (Fla. 2d DCA 2004) (holding that employer's failure to object to the sufficiency of employee's administrative complaint's verification during the administrative process "acted as a waiver of any objection" to the pleading's sufficiency (citing Ingersoll v. Hoffman, 589 So. 2d 223 (Fla. 1991))); Gordon v. Gordon, 543 So. 2d 428, 429 (Fla. 2d DCA 1989) ("An issue that has not been framed by the pleadings, noticed for hearing, or litigated by the parties is not a proper issue for the court's determination.").  Were we to take up this argument, we would have to tacitly assume that the Johnsons had presented it below in the face of a record that is completely silent on that point.

Florida law calls upon appellate courts to provide a careful de novo scrutiny of summary judgment rulings, given what is at stake.  See Bifulco v. State Farm Mut. Auto. Ins. Co., 693 So. 2d 707, 709 (Fla. 4th DCA 1997) (observing that summary judgment "brings a sudden and drastic conclusion to a lawsuit, thus foreclosing the litigant from the benefit of and right to a trial on the merits of his or her claim").  In that spirit, we, along with our sister courts, have occasionally remarked that the lack of a transcript of a summary judgment hearing will not necessarily thwart an appellate review of a summary judgment.  See, e.g., Kamin v. Fed. Nat'l Mortg. Ass'n, 230 So. 3d 546, 548 n.2 (Fla. 2d DCA 2017) ("[A] hearing transcript is usually 'not necessary for appellate review of a summary judgment.' " (quoting Houk v. PennyMac Corp., 210 So. 3d 726, 730 (Fla. 2d DCA 2017))); Shahar v. Green Tree Servicing LLC, 125 So. 3d 251, 254 (Fla. 4th DCA 2013) ("[H]earing transcripts ordinarily are not necessary for

appellate review of a summary judgment."); Gonzalez v. Chase Home Fin. LLC, 37 So. 3d 955, 958-59 (Fla. 3d DCA 2010) (holding that it was "not necessary to procure a transcript of the summary judgment hearing" where "the [summary judgment] evidence—in the form of the pleadings, [the defendant's] affidavit, and the county records"—demonstrated that genuine issues of material fact remained (quoting Seal Prods. v. Mansfield, 705 So. 2d 973, 975 (Fla. 3d DCA 1998))).

But the context in which this observation arises is almost universally confined to appeals concerning the sufficiency of the summary judgment evidence before the trial court.  See, e.g., Kamin, 230 So. 3d at 548; Shahar, 125 So. 3d at 253-54; Gonzalez, 37 So. 3d at 958-59.  That was why in Houk, 210 So. 3d at 731, a case where we devoted a section of analysis to the absence of a summary judgment hearing transcript, we took care to point out that "in this case," where the summary judgment evidence about enforcement of a lost note included "the operative complaint, . . . [the] answer and affirmative defenses, the motion and the order for substitution of the plaintiff, the amended motion for summary judgment, and the supporting and opposing affidavits, including the affidavit of lost note," we had "all of the portions of the record necessary for us to determine whether the summary judgment was properly entered." "Under these circumstances," we concluded, a hearing transcript would provide no further insight about the evidentiary record's sufficiency.  Id.  These kinds of pronouncements, issued within case-specific, de novo reviews of evidentiary records, should not be read to the neglect of securing court reporters to transcribe summary judgment hearings.  To the contrary, presenting an adequate record—one that demonstrates not only what evidence was presented below but also which arguments

- 9 -

were preserved—remains the appellant's burden in an appeal of a summary judgment. See Aills v. Boemi, 29 So. 3d 1105, 1109 (Fla. 2010) ("Except in cases of fundamental error, an appellate court cannot consider any ground for objection not presented to the trial court." (citing Steinhorst v. State, 412 So. 2d 332, 338 (Fla. 1982))); Cagwin v. Thrifty Rents, Inc., 219 So. 3d 1003, 1004 (Fla. 2d DCA 2017) (discussing appellant's argument that the affiant who executed a summary judgment affidavit did not have sufficient knowledge to attest to the matters in the affidavit but concluding "we cannot determine whether such a challenge was properly raised or addressed at the summary judgment hearing because we have no transcript" (citing Zarate v. Deutsche Bank Nat'l Tr. Co., 81 So. 3d 556, 557-58 (Fla. 3d DCA 2012))); Black Point Assets, Inc. v. Fed. Nat'l Mortg. Ass'n, 220 So. 3d 566, 567 (Fla. 5th DCA 2017) (addressing the sufficiency of a complaint and summary judgment evidence to establish foreclosure and noting "Black Point's additional objections to the summary judgment were not preserved for appeal"); Rose v. Clements, 973 So. 2d 529, 530 (Fla. 1st DCA 2007) ("Any basis for reversal of summary judgment must be preserved by raising the issue in the trial court.").

All of which is to say, the de novo review that we employ for summary judgment rulings is not a gateway to reach unpreserved legal arguments, as if they were fundamental error. Cf. Coba v. Tricam Indus., Inc., 164 So. 3d 637, 646 (Fla. 2015) ("[I]n civil cases, reversal based on the concept of 'fundamental error' where a timely objection has not been made is exceedingly rare."). So while a lack of a transcript, in and of itself, will not necessarily prohibit appellate review of the evidence underlying a summary judgment ruling, it could in some cases stymie the fullness of a legal argument

- 10 -

challenging that ruling on appeal if there is a question about whether the argument was preserved. We reiterate, then, what we stated in <u>Houk</u>: while it might not be necessary to procure a transcript from a summary judgment hearing in every case, it is indeed "often helpful to do so," <u>id.</u> at 731 (quoting <u>Seal Prods.</u>, 705 So. 2d at 975), especially in cases where preservation of a legal argument might otherwise be in question.

Here, however, we are satisfied that the record we do have reflects a genuine issue of material fact that was argued below. RALI's standing was a contested point almost from the beginning of this litigation, and the evidence of its standing as an owner or holder of the Johnsons' promissory note was insufficient to sustain a summary judgment in its favor. For that reason, we reverse the circuit court's final summary judgment and remand this case for further proceedings.

Reversed and remanded.


SILBERMAN and SLEET, JJ., Concur.