IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

July 13, 2018

STEVEN E. SOULE,                              )
                                             )
            Appellant,                        )
                                             )
v.                                            )            Case No. 2D16-3231
                                             )
U.S. BANK NATIONAL ASSOCIATION,               )
as trustee for BNC Mortgage Loan              )
Trust 2007-1 Mortgage Pass-Through            )
Certificates, Series 2007-1,                  )
                                             )
            Appellee.                         )
_____ )


BY ORDER OF THE COURT:


        Appellant's motion for rehearing is granted, the prior opinion dated May 2,

2018, is withdrawn, and the attached opinion is issued in its place.  Because full relief

has been granted by the panel's ruling on the motion for rehearing, Appellant's motion

for rehearing en banc is denied as moot.  Appellee's motion to reconsider or strike the

court's order granting appellant's appellate attorneys' fees is denied.



I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.



MARY ELIZABETH KUENZEL, CLERK

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


STEVEN E. SOULE,               )
                             )
        Appellant,       )
                             )
v.                       )       Case No. 2D16-3231
                             )
U.S. BANK NATIONAL ASSOCIATION, )
as trustee for BNC Mortgage Loan   )
Trust 2007-1 Mortgage Pass-Through )
Certificates, Series 2007-1,      )
                             )
        Appellee.        )
_____)

Opinion filed July 13, 2018.

Appeal from the Circuit Court for
Pasco County; Kemba Lewis,
Judge.

Mark P. Stopa of Stopa Law Firm,
LLC, Tampa; and Latasha Scott
of Lord Scott, PLLC, Tampa, for
Appellant.

David S. Ehrlich of Blank Rome
LLP, Fort Lauderdale, for
Appellee.


VILLANTI, Judge.


        Steven E. Soule appeals the final judgment of foreclosure entered in favor

of U.S. Bank National Association, as trustee for BNC Mortgage Loan Trust 2007-1

Mortgage Pass-Through Certificates, Series 2007-1 (the Bank). While Soule raised a number of grounds for reversal of the final judgment, we reject all of his arguments except one relating to the sufficiency of the evidence to establish that the Bank complied with paragraph 22 of the mortgage by giving notice of the default to Soule. On this single basis, we reverse and remand for entry of an involuntary dismissal of the Bank's case.

In November 2013, the Bank filed its foreclosure complaint against Soule based on his alleged failure to make his March 2011 payment and all subsequent payments. In his answer, Soule denied that the Bank had complied with all conditions precedent to bringing the action and alleged as an affirmative defense the Bank's failure to comply with the notice provisions of paragraph 22 of the mortgage.

At trial, Ocwen employee Nena Kamman testified on behalf of the Bank. Ocwen was the servicer of Soule's loan at the time of trial, but Ocwen had taken over servicing of the loan from Chase, and Chase was the servicer that had prepared and allegedly mailed the default letter pursuant to paragraph 22 in May of 2011. Kamman testified that she had never worked for Chase.

During trial, Kamman testified that the default letter was part of the business records that Ocwen received from Chase. She also testified to the boarding process for new loans that Ocwen obtained. As part of that testimony, she asserted that Ocwen would not have boarded a loan if there were any "red flags" related to the loan. She testified that such a "red flag" might arise if "there was any indication that a breach letter hadn't been sent." But she did not testify to how anyone at Ocwen would know whether a default letter that was imaged into Chase's system had or had not been

- 2 -

mailed or what information might be in Chase's file to indicate that a default letter had not been mailed. She did testify that a default letter would not have been imaged into Chase's system if it had not been mailed, but she admitted that she had never been trained in any of Chase's procedures and she offered no testimony that would show that she had any personal knowledge of this alleged imaging procedure.

Both at trial and in this appeal, Soule argued that Kamman's testimony was insufficient to establish that the default letter prepared by Chase had actually been mailed. Soule admitted that Kamman's testimony was sufficient to permit the Bank to introduce the default letter into evidence; however, he argued that simply introducing the letter into evidence was insufficient to show that it was mailed. Relying on Eig v. Insurance Co. of North America, 447 So. 2d 377, 379 (Fla. 3d DCA 1984), Soule argued that the Bank had to introduce competent, substantial evidence of what Chase's routine business practices were in order to rely on those practices to prove conformity therewith. And because Kamman did not have personal knowledge of Chase's routine business practices concerning the mailing of default letters, her testimony could not provide competent, substantial evidence of those practices. Therefore, he argued, while the default letter itself was admissible, there was no evidence to prove that it was mailed and so the Bank's case should be dismissed. The trial court rejected this argument, as initially did we.

At the time of trial and when this case was originally heard at oral argument, there was no law from this district on the issue of what foundational testimony was required to prove that a default letter had been mailed by a prior servicer. However, we recently issued an opinion addressing this exact issue in Spencer v.

<u>DiTech Financial, LLC</u>, 43 Fla. L. Weekly D720 (Fla. 2d DCA Apr. 4, 2018).  In that case, EverHome was the predecessor servicer to DiTech.  <u>Id.</u> at D721.  At the foreclosure trial, Ms. Knight, an employee of DiTech, testified that EverHome, as the prior servicer, had prepared and mailed the default letter to Spencer in 2010.  <u>Id.</u> However, the testimony established that Ms. Knight had never worked for EverHome, had no personal knowledge of its practices or procedures for preparing and mailing default letters, had not read EverHome's policies and procedures for preparing and mailing default letters, and had never spoken to anyone at EverHome about how this particular letter had been generated or mailed.  <u>Id.</u>  Moreover, the evidence showed that the loan was transferred to DiTech in 2014—four years after the default letter had been created and allegedly mailed.  <u>Id.</u>  In finding Ms. Knight's testimony insufficient to prove that the default letter had been mailed, this court explained:

> This evidence was insufficient to show that the default letter was actually sent.  "The fact that a document is drafted is insufficient in itself to establish that it was mailed."  <u>Allen v. Wilmington Tr., N.A.</u>, 216 So. 3d 685, 687-88 (Fla. 2d DCA 2017); <u>see also</u> <u>Edmonds v. U.S. Bank Nat'l Ass'n</u>, 215 So. 3d 628, 630 (Fla. 2d DCA 2017) (citing <u>Allen</u> with approval). Rather, "mailing must be proven by producing additional evidence such as proof of regular business practices, an affidavit swearing that the letter was mailed, or a return receipt."  <u>Allen</u>, 216 So. 3d at 688.

> Testimony regarding a company's routine business practices may establish a rebuttable presumption that the default letter was mailed.  <u>Id.</u> (citing § 90.406, Fla. Stat. (2014)).  But <u>the witness must have personal knowledge of the company's general mailing practice—meaning that the witness must be employed by the entity drafting the letters and must have firsthand knowledge of the company's routine practice for mailing letters</u>.  <u>See id.</u>; <u>Edmonds</u>, 215 So. 3d at 630; <u>see also</u> <u>CitiMortgage, Inc. v. Hoskinson</u>, 200 So. 3d 191, 192 (Fla. 5th DCA 2016) (holding that there was sufficient evidence to establish mailing based on routine

business practices where witness testified that she had personally observed coworkers generate breach letters and deliver them to the mail room to be collected by the postal service). Here, Ms. Knight admitted that she was never employed by EverHome and did not have firsthand knowledge of EverHome's mailing practices as of the date the default letter was generated. Therefore, her testimony was insufficient to establish that the default letter was mailed.

Id. (emphasis added). And because Ms. Knight's testimony was insufficient to establish that the default letter was mailed, this court reversed the final judgment and remanded for entry of an involuntary dismissal. Id.

The facts of this case are essentially on all fours with Spencer. Like DiTech, Ocwen here was a successor servicer that had not prepared or mailed the default letter. And Kamman, like Ms. Knight, worked for the successor servicer and had no personal knowledge of the mailing practices of the predecessor servicer. Therefore, while Kamman's testimony was sufficient to lay the foundation to admit the letter as a business record, it was insufficient to prove that Chase had actually mailed the letter because Kamman had no personal knowledge of either that fact or Chase's policies and practices for mailing. Without testimony based on such personal knowledge, the Bank's only competent evidence was that the default letter had been prepared—not that it had been mailed. Therefore, for the same reasons we did in Spencer, we reverse the final judgment in this case and remand for entry of an involuntary dismissal.

Reversed and remanded for dismissal.

CASANUEVA and CRENSHAW, JJ., Concur.