NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


ANGEL L. PEREZ a/k/a ANGEL          )
PEREZ and DORIS GONZALEZ,           )
                                    )
        Appellants,                 )
                                    )
v.                                  )       Case No. 2D17-1043
                                    )
DEUTSCHE BANK NATIONAL              )
TRUST COMPANY, as Trustee for       )
JPMorgan Mortgage Acquisition       )
Trust 2007-CH4, Asset Backed,       )
Pass-Through Certificates, Series   )
2007-CH4; JOSE M. GONZALEZ;         )
POLK COUNTY, FLORIDA; STATE         )
OF FLORIDA DEPARTMENT OF            )
REVENUE; STEPHANIE B.               )
COOPER; STATE OF FLORIDA;           )
and POLK COUNTY CLERK OF            )
THE CIRCUIT COURT,                  )
                                    )
        Appellees.                  )
_____)

Opinion filed February 20, 2019.

Appeal from the Circuit Court for Polk
County; Steven L. Selph, Judge.

Mark P. Stopa of Stopa Law Firm, LLC,
Tampa (withdrew after briefing); and
Latasha Scott of Lord Scott, PLLC,
Tampa, (withdrew after briefing), for
Appellants.

Angel L. Perez a/k/a Angel Perez and
Doris Gonzalez, pro se.

Elliot B. Kula, W. Aaron Daniel, and
William D. Mueller of Kula & Associates,
P.A., Miami, for Appellee Deutsche
Bank National Trust Company.

No appearance for remaining
Appellees.


LENDERMAN, JOHN C., Associate Senior Judge.

Angel L. Perez a/k/a Angel Perez and Doris Gonzalez appeal a final judgment of foreclosure entered after nonjury trial in favor of Deutsche Bank National Trust Company, as Trustee for JPMorgan Mortgage Acquisition Trust 2007-CH4, Asset Backed, Pass-Through Certificates, Series 2007-CH4 (Deutsche Bank). We agree with Perez and Gonzalez's argument that the trial court erred in denying their motion for involuntary dismissal. Deutsche Bank failed to introduce sufficient evidence demonstrating satisfaction of the condition precedent of mailing a default letter pursuant to paragraph 22 of the mortgage at issue in the underlying action. Accordingly, we reverse and remand for involuntary dismissal.

Paragraph 22 of the mortgage at issue in this appeal requires the lender to give the borrower notice of default and opportunity to cure prior to acceleration. Paragraph 15 requires that all notices be written and provides that notices to borrowers shall be deemed to have been given when mailed by first class mail or when actually delivered to the borrower's notice address. At trial, Deutsche Bank called one witness, a mortgage banking research officer with JPMorgan Chase Bank, N.A. (Chase). Through this witness, Deutsche Bank introduced a default letter drafted on Chase letterhead and addressed to Perez at the property address; the default letter had been

- 2 -

maintained in Chase's business records. The witness never testified whether the letter was actually sent, and Deutsche Bank did not introduce any other documents relating to whether the default letter was sent. After Deutsche Bank rested, Perez and Gonzalez moved for involuntary dismissal, in pertinent part, because the bank's letter by itself could not demonstrate compliance with the required condition precedent. Deutsche Bank asserted that introduction of the letter was sufficient. The trial court agreed with Deutsche Bank and denied the original motion.[1] Perez and Gonzalez called Deutsche Bank's witness during the defense case to address other matters, following which they renewed their motion for involuntary dismissal for failing to comply with paragraph 22. After Deutsche Bank again asserted that the letter by itself was sufficient, the trial court denied the renewed motion and ultimately entered the final judgment of foreclosure. Perez and Gonzalez timely appeal.

The trial court erred in denying Perez and Gonzalez's motion and renewed motion for involuntary dismissal because the mere existence of a default letter in Chase's business records is legally insufficient to prove compliance with the paragraph 22. See Holt v. Calchas, LLC, 155 So. 3d 499, 507 (Fla. 4th DCA 2015). This court has subsequently held similarly. See Edmonds v. U.S. Bank Nat'l Ass'n, 215 So. 3d 628, 630-31 (Fla. 2d DCA 2017); Allen v. Wilmington Tr., N.A., 216 So. 3d 685, 687-88 (Fla. 2d DCA 2017). Accordingly, we reverse the final judgment of foreclosure and remand for involuntary dismissal. See Edmonds, 215 So. 3d at 631; Allen, 216 So. 3d at 688.

---

[1]Deutsche Bank argues on appeal that Perez and Gonzalez somehow invited this error by absenting themselves from the courtroom to prevent Deutsche Bank from calling them to testify whether they received the letter. But Deutsche Bank ignores that after Perez and Gonzalez ultimately entered the courtroom, Deutsche Bank declined the trial court's invitation to reopen its case.

Reversed and remanded with directions.

LaROSE, C.J., and LUCAS, J., Concur.