# Third District Court of Appeal

## State of Florida

Opinion filed March 8, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-293
Lower Tribunal No. 19-33408 SP
_____


**Luis Romero,**
Appellant,

vs.

**Midland Funding, LLC,**
Appellee.


An Appeal from the County Court for Miami-Dade County, Luis Perez-Medina, Judge.

Luis Romero, in proper person.

Law Offices of Andreu, Palma & Andreu, PL, and Carlos Cruanes, for appellee.


Before EMAS, LOGUE and GORDO, JJ.

GORDO, J.

Luis Romero appeals a trial court order granting final summary judgment in favor Midland Funding LLC ("Midland"). We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). Because Romero fails to show there was a genuine dispute of material fact, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2019, Midland filed a complaint for account stated against Romero for amounts due on a credit card account. Romero did not file an answer or response to the complaint. In August 2021, Midland filed its motion for summary judgment. Romero did not file any response to the motion. In January 2022, the trial court held a hearing and later granted final summary judgment in favor of Midland. This appeal followed.

## LEGAL ANALYSIS

"The standard of review on orders granting final summary judgment is de novo." Orozco v. McCormick 105, LLC, 276 So. 3d 932, 935 (Fla. 3d DCA 2019) (emphasis omitted). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Jones v. Ervolino, 339 So. 3d 473, 475 (Fla. 3d DCA 2022) (quoting Fla. R. Civ. P. 1.510(a)). Romero asserts summary judgment was improper as Midland's evidence in support of its motion was deficient and the trial court erroneously declined to

2

hear his arguments at the hearing. Midland argues that Romero never raised this deficient evidence argument before the trial court and therefore it was waived.

Under the newly amended rule, summary judgment is appropriate when "the evidence is such that a reasonable jury could not return a verdict for the nonmoving party." In re Amends. to Fla. R. Civ. P. 1.510, 317 So. 3d 72, 75 (Fla. 2021) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). When seeking summary judgment, the moving party must identify "each claim or defense--or the part of each claim or defense--on which summary judgment is sought." Fla. R. Civ. P. 1.510(a). Once the party moving for summary judgment satisfies this initial burden, the burden then shifts to the nonmoving party to come forward with evidence demonstrating that a genuine dispute of material fact exists. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (noting that the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial'" (quoting Fed. R. Civ. P. 56)).

Both parties must support their assertions that a material fact cannot be or is genuinely disputed by:

3

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fla. R. Civ. P. 1.510(c)(1). Under the new rule, "[i]f the evidence [presented by the nonmovant] is merely colorable, or is not significantly probative, summary judgment may be granted." In re Amends. to Fla. R. of Civ. P. 1.510, 309 So. 3d 192, 193 (Fla. 2020) (quoting Anderson, 477 U.S. at 249–50).

Turning to the instant case, Midland argued in its summary judgment motion that there was no genuine dispute of material fact on its account stated claim. For an account stated claim to exist, "there must be an agreement that a certain balance is correct and due, and an express or implicit promise to pay that balance." S. Motor Co. of Dade Cnty. v. Accountable Const. Co., 707 So. 2d 909, 912 (Fla. 3d DCA 1998). Attached to its motion, Midland included an affidavit in support from a Midland employee averring that the account belonged to Romero and there were amounts due, the bill of sale and assignment of the account to Midland, and

4

credit card statements showing the past due amounts owed by Romero from the applicable time periods accompanied by an affidavit of costs. Accordingly, we find Midland met its initial burden by identifying the claim on which summary judgment was sought and providing support for its assertion that there was no genuine dispute of material fact in the record.

Once Midland met its initial burden, Romero was required to come forward with evidence demonstrating that a genuine dispute of material fact existed. See Celotex Corp., 477 U.S. at 324. Romero, however, failed to meet this burden. Review of the record establishes that Romero did not file any response to Midland's motion for summary judgment and made no filings seeking additional time to respond to the motion.

Further, while Romero asserts on appeal that the trial court erroneously declined to hear his alleged arguments against Midland, absent a transcript of the summary judgment hearing we are confined to the record before us.[1] We recognize that under Florida law "the lack of a transcript of

---

[1] Here, Romero failed to provide a transcript of the summary judgment hearing. Under Florida law, it was Romero's burden to present an adequate record on appeal. See Fla. R. App. P. 9.200(e) ("The burden to ensure that the record is prepared and transmitted in accordance with these rules shall be on the petitioner or the appellant."). While we recognize that Romero is pro se, "pro se parties are [still] obligated to abide by the appellate rules." Plumer v. U.S. Bank Nat'l Ass'n, 231 So. 3d 512, 513 (Fla. 3d DCA 2017); see also Kohn v. City of Miami Beach, 611 So. 2d 538, 539 (Fla. 3d DCA

a summary judgment hearing will not necessarily thwart an appellate review of a summary judgment." Johnson v. Deutsche Bank Nat'l Tr. Co. Americas, 248 So. 3d 1205, 1210 (Fla. 2d DCA 2018). An appellant, however, still has the burden of "presenting an adequate record—one that demonstrates not only what evidence was presented below but also which arguments were preserved." Id. at 1211. Thus, "while a lack of a transcript, in and of itself, will not necessarily prohibit appellate review of the evidence underlying a summary judgment ruling, it could in some cases stymie the fullness of a legal argument challenging that ruling on appeal if there is a question about whether the argument was preserved." Id.

Midland contends Romero's argument was never presented to the trial court. "In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved." Sunset Harbour Condo. Ass'n v. Robbins, 914 So. 2d 925, 928 (Fla. 2005) (quoting Tillman v. State, 471 So. 2d 32, 35 (Fla. 1985)). The record shows that Romero filed nothing in response to the motion for summary judgment. In fact, the record is devoid of any

---

1992) (concluding "that it is a mistake to hold a pro se litigant to a lesser standard than a reasonably competent attorney").

6

substantive filing by Romero through the grant of summary judgment.[2]  As such, we find summary judgment was properly granted.

Affirmed.

---

[2] At the inception of this case, the trial court issued an order to show cause as to why this case should not be dismissed for want of prosecution.  At the hearing, the trial court found good cause not to dismiss the case based on Midland's filing of notice of activity.  Romero's only filing prior to the entry of summary judgment was a motion to vacate the trial court's order finding good cause not to dismiss the case.