DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALICIA GUESS,**
Appellant,

v.

**ABERDEEN GOLF & COUNTRY CLUB, INC.,** a Florida not-for-profit
corporation,
Appellee.

No. 4D22-139

[March 29, 2023]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Marni A. Bryson, Judge; L.T. Case No. 50-2020-CC-003331-XXXX-SB.

Morgan L. Weinstein of Twig, Trade, & Tribunal, PLLC, Fort Lauderdale, for appellant.

Robert Rivas of Sachs Sax Caplan, PL, Boca Raton, for appellee.

PER CURIAM.

*Affirmed. See Lloyd S. Meisels, P.A. v. Dobrofsky*, 341 So. 3d 1131, 1134-36 (Fla. 4th DCA 2022) (affirming summary judgment where appellant neither responded to the motion for summary judgment nor supplied a hearing transcript on appeal, and recognizing that, pursuant to Florida Rule of Civil Procedure 1.510(c)(5), the requirement of filing a response is mandatory and, if one is not filed, rule 1.510(e) "provides discretionary options for the trial court," including "grant[ing] summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it"); *Simmons v. Pub. Health Tr. of Miami-Dade Cnty.*, 338 So. 3d 1057, 1061 (Fla. 3d DCA 2022) (determining that transcripts of trial court statements meet the rule 1.510(a) requirement that the trial court state on the record the reasons for granting or denying summary judgment motion); *Johnson v. Deutsche Bank Nat'l Tr. Co. Ams.*, 248 So. 3d 1205, 1211 (Fla. 2d DCA 2018) (observing that although "a lack of a transcript, in and of itself, will not necessarily prohibit appellate review of the evidence underlying a summary judgment ruling, it could in some cases stymie the fullness of a

legal argument challenging that ruling on appeal if there is a question about whether the argument was preserved").

GROSS, CONNER and ARTAU, JJ., concur.

\* \* \*

*Not final until disposition of timely filed motion for rehearing.*