642 So.2d 29 (1994)
Ashley USHER, Appellant,
v.
STATE of Florida, Appellee.
No. 93-00760.
District Court of Appeal of Florida, Second District.
August 12, 1994.
*30 Stuart M. Pepper, Cape Coral, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, Ashley Usher, challenges the trial court's judgment and sentence and raises numerous points on appeal. We agree with the appellant on one point and find that the trial court erred in admitting into evidence testimony of certain events and hearsay statements of a third party not on trial and, accordingly, reverse and remand for a new trial. In view of the disposition of the case, we find it unnecessary to discuss the appellant's other points raised on appeal.
The appellant was charged with three counts of kidnapping pursuant to section 787.01, Florida Statutes (1991). Those charges arose out of an incident where the appellant and three other boys (Mullins, Goldsberry, and Stricklin) accompanied an individual named Robert Kay (Kay) in Kay's car for the purpose of slashing car tires. A short time after the five individuals left in Kay's car, Kay stopped the car and both Kay and the appellant got out to look under the hood. At that time, the appellant and Kay displayed guns and the boys displayed their knives. Kay proceeded to remove each of the three boys from the car, taped them up with duct tape, and then put them in the trunk. While those events were occurring, the appellant allegedly prevented the boys from escaping by holding the car doors shut. Kay then took the appellant home at the appellant's request and subsequently transported the three boys to a remote area and shot each of them. Stricklin was the only one that survived.
During the appellant's trial, Stricklin testified over the appellant's objection that before the boys were taped up, Kay told them to put *31 their heads between their knees and their hands behind their backs. Stricklin also testified, over the appellant's objection, regarding statements made by Kay at the remote area after the appellant was taken home. The trial court ruled that Kay's statements were relevant to Stricklin's state of mind and that the statements were not offered to prove the truth of the matter asserted but were offered to prove the effect of the statements on Stricklin. The trial court also overruled the appellant's objections to Stricklin's testimony describing how the boys were shot and Stricklin's subsequent search for help.
After the jury found the appellant guilty of the false imprisonment of Mullins, not guilty regarding Goldsberry, and guilty of kidnapping Stricklin, the trial court adjudicated the appellant guilty of kidnapping Stricklin and sentenced him to ten years in prison followed by five years probation and adjudicated him guilty of the false imprisonment of Mullins and sentenced him to five years consecutive probation. The appellant filed a timely notice of appeal.
The appellant contends that the trial court erred in admitting into evidence the hearsay statements made by Kay and the crimes committed by Kay. We agree that it was error to admit evidence of the hearsay statements made by Kay after the appellant was taken home and the events that occurred after the appellant was taken home.
The trial court ruled that Kay's statements to the boys were relevant to Stricklin's state of mind. We agree that the statements made by Kay while the appellant was still present were relevant to show their effect on Stricklin because the elements under the kidnapping statute which the appellant was charged with included confining a person against their will with the intent to terrorize. We disagree, however, with the trial court's ruling that the statements made after the appellant was taken home were relevant to Stricklin's state of mind since the state of mind exception to the hearsay rule relates to a statement showing the declarant's state of mind and Kay's state of mind, the declarant in the instant case, was not at issue. See Duque v. State, 498 So.2d 1334 (Fla. 2d DCA 1986). Furthermore, since the majority of the appellant's trial constituted testimony of events and hearsay statements of a third party not on trial, the events and statements which took place after the appellant was taken home were inadmissible because their probative value was substantially outweighed by the danger of unfair prejudice. § 90.403, Fla. Stat. (1991); see Jenkins v. State, 533 So.2d 297 (Fla. 1st DCA 1988), rev. denied, 542 So.2d 1334 (Fla. 1989).
The appellant also argues that it was error to the extent that the trial court admitted hearsay statements made by Kay pursuant to section 90.803(18)(e), Florida Statutes (1991), the coconspirator exception to the hearsay rule. Any statement of an alleged coconspirator which the prosecution seeks to admit must have been made during the course and in furtherance of the conspiracy as that time period is defined in the charging document. Nelson v. State, 602 So.2d 550 (Fla. 2d DCA), review denied, 606 So.2d 1166 (Fla. 1992). The prosecutor must also introduce independent evidence to support the existence of the conspiracy and each member's participation therein before the hearsay is deemed admissible. Id. at 552. In the instant case, the trial court was correct in finding that Kay's statements made in the appellant's presence were admissible under the coconspirator's exception to the hearsay rule since there was independent evidence of a conspiracy to kidnap. However, the statements made after the appellant was taken home were not admissible under the coconspirator's exception since any conspiracy to kidnap had ended. See Griffin v. State, 611 So.2d 20 (Fla. 1st DCA 1992).
Furthermore, the record reveals no independent evidence of a conspiracy to commit murder or of the appellant's participation in it. See Miller v. State, 545 So.2d 343 (Fla. 2d DCA 1989). In fact, the trial court concluded that the appellant was not a part of any plan to murder the three boys. Therefore, if the trial court admitted the hearsay statements made after the appellant was taken home pursuant to the coconspirator exception to the hearsay rule, admission under that exception was error.
*32 We, accordingly, reverse and remand for a new trial.
Reversed and remanded.
SCHOONOVER, A.C.J., and THREADGILL and FULMER, JJ., concur.