863 So.2d 1189 (2003)
Nathaniel WILLIAMS, Petitioner,
v.
STATE of Florida, Respondent.
No. SC03-139.
Supreme Court of Florida.
December 11, 2003.
Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, Eleventh Judicial Circuit, Miami, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, Celia Terenzio, Bureau Chief, West Palm Beach, and Richard Valuntas, Assistant Attorney General, West Palm Beach, FL, for Respondent.
PARIENTE, J.
We have for review the Third District Court of Appeal's decision in Williams v. State, 834 So.2d 923 (Fla. 3d DCA 2003), which expressly and directly conflicts with our decisions in Goodwin v. State, 751 So.2d 537 (Fla.1999), and State v. DiGuilio, 491 So.2d 1129 (Fla.1986), on the harmless error standard of review. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
In DiGuilio, this Court set out the test to be applied in determining whether an error is harmful:
The test is not a sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, *1190 or even an overwhelming evidence test. Harmless error is not a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence. The focus is on the effect of the error on the trier-of-fact. The question is whether there is a reasonable possibility that the error affected the verdict. The burden to show the error was harmless must remain on the state. If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful.
491 So.2d at 1139. We reaffirmed this harmless error standard in Goodwin, holding that the enactment of section 924.051(7), Florida Statutes (Supp.1996), did not alter the obligation of the appellate courts to independently review both constitutional and nonconstitutional errors for harmlessness under the DiGuilio standard. See Goodwin, 751 So.2d at 542-43.
In this case, the Third District departed from the DiGuilio standard in holding that a preserved trial court error did not warrant reversal because "given all of the other evidence as to William's [sic] guilt, we cannot conclude that this error necessarily deprived Williams of a fair trial." Williams, 834 So.2d at 925 (emphasis supplied). We recently quashed and remanded for reconsideration a decision of the Second District Court of Appeal in which that court used an incorrect harmless error test. See Knowles v. State, 848 So.2d 1055, 1058-59 (Fla.2003). Consistent with Knowles, as well as with our decisions in DiGuilio and Goodwin, we quash in part the Third District's decision in this case and remand for reconsideration under the correct harmless error standard. We decline to address the additional issue raised by Williams that is beyond the scope of the conflict issue. See Asbell v. State, 715 So.2d 258, 258 (Fla.1998).
It is so ordered.
ANSTEAD, C.J., and LEWIS, QUINCE, and CANTERO, JJ., concur.
BELL, J., concurs in result only.
WELLS, J., dissents with an opinion.
WELLS, J., dissenting.
I would discharge jurisdiction. I believe the majority gives to the Third District's opinion too cramped a reading. I do not read the opinion to conflict with State v. DiGuilio, 491 So.2d 1129 (Fla.1986). The Third District's decision as to the merits is correct.