879 So.2d 1251 (2004)
Yileymi SUAREZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-2941.
District Court of Appeal of Florida, Third District.
May 5, 2004.
Rehearing and Rehearing Denied August 11, 2004.
*1252 Paul Morris, for appellant.
Charles J. Crist, Jr., Attorney General, and John D. Barker, Assistant Attorney General, for appellee.
Before FLETCHER, RAMIREZ, and SHEPHERD, JJ.
Rehearing and Rehearing En Banc Denied August 11, 2004.
PER CURIAM.
Yileymi Suarez appeals her judgment of conviction and sentence on the grounds that the trial court improperly excluded essential defense testimony on hearsay grounds and that this error was not harmless. We affirm because the relevant testimony was properly excluded at trial, and any error in the exclusion of the evidence was harmless.
Suarez was convicted and sentenced following jury trial based on a tragic vehicular collision that led the State of Florida to charge Suarez with two counts of vehicular homicide for which she is now to serve a thirty-year term of imprisonment. The evidence at trial established that on January 7, 2001 at 3:00 a.m., Suarez's Ford Expedition collided with a Honda Accord at an intersection in Miami Dade County and that the collision resulted in the death of the Honda's driver and passenger. The trial testimony included two eye-witnesses that recalled having seen Suarez speeding toward the intersection just prior to the collision and making no attempt to stop at the light that was red for Suarez's vehicle.
At the heart of Suarez's grounds for reversal in this appeal lies the defense's proffered statements of witness Janina Goenaga who had been with the Honda's driver and passenger minutes prior to the subject collision. Goenaga had heard the passenger tell the driver that the passenger wanted to make it home before 3:00 a.m. because of a curfew restriction, to which the driver responded "alright, let's go home then."
Suarez argued at trial that the proffered statements of both the Honda's driver and passenger about the 3:00 a.m. curfew were not offered for their truth and were admissible under the state of mind exception to the hearsay rule. Suarez argued that the proffered statements could have established before the jury that the driver and passenger were pressed to meet the passenger's curfew, and thus the Honda's driver may have run the red light located at the intersection where the collision occurred. Suarez now contends that the proffered statements of the passenger and driver were admissible as non-hearsay because they were not offered for their truth, or in the alternative, that the statements were admissible under the state of mind exception to the hearsay rule.
We first note that whether the statements of the passenger and driver were admissible as non-hearsay is an issue that defense counsel did not raise at trial. He instead argued that the statements were admissible under the state of mind *1253 exception to the hearsay rule to establish the state of mind of both the Honda's driver and passenger. Suarez thus essentially argued that the statements constituted admissible hearsay.
Although the passenger's statement that she had a 3:00 a.m. curfew was not offered for the truth of the matter asserted and was instead offered to show that the passenger and driver were in a hurry, the proffered statements were inadmissible under the state of mind exception to the hearsay rule because the passenger and driver's state of mind were not at issue. The proffered statements were thus properly excluded.
The Florida evidence code provides numerous exceptions to the hearsay rule, one of which is the state of mind exception. The state of mind exception found in section 90.803(3)(a), Florida Statutes (2001), provides as follows:
(a) A statement of the declarant's then-existing state of mind, emotion, or physical sensation, including a statement of intent, plan, motive, design, mental feeling, pain, or bodily health, when such evidence is offered to:
1. Prove the declarant's state of mind, emotion or physical sensation at that time or at any other time when such state is an issue in the action.
2. Prove or explain acts of subsequent conduct of the declarant.
(b) However, this subsection does not make admissible:
1. An after-the-fact statement of memory or belief to prove the fact remembered or believed, unless such statement relates to the execution, revocation, identification, or terms of the declarant's will.
2. A statement made under circumstances that indicate its lack of trustworthiness.
This state of mind exception applies only to the declarant's state of mind, not to someone else's state of mind. See Van Zant v. State, 372 So.2d 502, 504 (Fla. 1st DCA 1979); Webb v. State, 336 So.2d 416 (Fla. 2d DCA 1976). The state of mind exception is also inapplicable to situations where the declarant's state of mind is not at issue. See Usher v. State of Florida, 642 So.2d 29, 31 (Fla. 2nd DCA 1994).
When we look at the passenger's statement about the 3:00 a.m. curfew, the statement does not prove or explain any subsequent act of conduct of the passenger nor is the passenger's state of mind at all an issue in this case. Even if the passenger's state of mind were at issue, the statement cannot serve to describe the state of mind of the driver at the time of the collision. When we look at the driver's statement "alright, let's go home then," the statement is not at all indicative of the driver's state of mind when the collision occurred because the statement does not necessarily show any commitment of the driver to satisfy the passenger's curfew. The driver's statement also does not prove or explain any subsequent act of conduct of the driver or that the driver ran the red light on the night of the collision to satisfy the passenger's curfew. The driver's state of mind, like the passenger's state of mind, is not an issue in the case.
Any error in the exclusion of the relevant testimony was nonetheless harmless in light of all of the reliable evidence introduced at trial. We therefore find no abuse of discretion in the trial court's ruling, see Ray v. State, 755 So.2d 604, 610 (Fla.2000), and affirm.