IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE OF FLORIDA,

      Appellant,

v.

JAMES B. BOUGHS,

      Appellee.

_____/

Case No.  5D15-4000

Decision filed June 23, 2017

3.850 Appeal from the Circuit Court
for Osceola County,
Leticia J. Marques, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Carmen F. Corrente,
Assistant Attorney General, Daytona
Beach, for Appellant.

Curt D. Obront, of Obront Corey, PLLC,
Miami, for Appellee.


PER CURIAM.

      AFFIRMED.




EVANDER and EDWARDS, JJ., concur.
BERGER, J., dissents, with opinion.

I would reverse the trial court's order granting a new trial based on Boughs' motion for postconviction relief alleging newly discovered evidence.[1] See Fla. R. Crim. P. 3.850. The purported newly discovered evidence, which consists of a tweet[2] allegedly written by the victim two years after the offense occurred, constitutes inadmissible hearsay not subject to any of the enumerated exceptions.[3] See §§ 90.801-.803, Fla. Stat. (2015). Additionally, even if it were admissible, because the tweet is not a recantation and does not materially alter the child's testimony, it is not likely to change the outcome of the trial.

---

[1] Boughs was convicted of lewd and lascivious molestation and battery for intentionally touching the breasts and leg of his step-granddaughter while the two slept in the same bed. At trial, Boughs denied committing the offense and claimed that the victim, who admitted having nightmares and episodes of sleepwalking, dreamt the incident. In support of his defense, Boughs called Dr. James Allen Chuine, Ph.D., to testify about his research in the area of sleep paralysis, which he described as a phenomenon often accompanied by sensory hallucinations that people perceive as real. Dr. Chuine did not comment on the specific facts of this case or otherwise opine on whether the child victim suffered from sleep paralysis on the night of the incident.

[2] The tweet stated, "do this all the time by accident and it's fucking scary when I can't move like every horror movie comes to mind." Attached to the tweet was a post about lucid dreaming.

[3] Because the tweet would be an out-of-court statement offered for the truth of the matter asserted, it would qualify as inadmissible hearsay unless it is offered for a non-hearsay purpose or it falls within the purview of an exception to the hearsay rule. See §§ 90.801-.802, Fla. Stat. (2015). Notably, the postconviction court's order does not provide any reasoning to justify how the tweet would be admissible at trial other than a statement that the tweet would be capable of authentication. To this end, Boughs argues that the tweet would be admissible under the state-of-mind exception to the prohibition against hearsay evidence because the tweet shows the child's state of mind. See § 90.803(3)(a), Fla. Stat. (2015). However, a Twitter post made years after the alleged incident and that does not reference, or in any way relate back to the incident, does not describe the child's state of mind at the time of the incident. See Suarez v. State, 879 So. 2d 1251, 1253 (Fla. 3d DCA 2004) (holding that declarant's comment made prior to the relevant timeframe in which state of mind was at issue was not admissible under the state of mind exception to the hearsay rule).

See <u>Johnston v. State</u>, 27 So. 3d 11, 18 (Fla. 2010) ("[T]he newly discovered evidence must be of such nature that it would probably produce an acquittal on retrial." (quoting <u>Jones v. State</u>, 709 So. 2d 512, 521 (Fla. 1998))). Accordingly, I dissent.