# Supreme Court of Florida

_____

No. SC17-805
_____

**FRANCISCO RODRIGUEZ,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[July 12, 2018]

PARIENTE, J.

We have for review the decision of the Third District Court of Appeal in

*Rodriguez v. State*, 215 So. 3d 194 (Fla. 3d DCA 2017), which expressly and

directly conflicts with our decision in *State v. Lee*, 531 So. 2d 133 (Fla. 1988), on

the harmless error standard of review. We have jurisdiction. *See* art. V, § 3(b)(3),

Fla. Const.

In *State v. DiGuilio*, 491 So. 2d 1129 (Fla. 1986), this Court set out the test

to be applied in determining whether an error is harmless:

> The test is not a sufficiency-of-the-evidence, a correct result, a not
> clearly wrong, a substantial evidence, a more probable than not, a
> clear and convincing, or even an overwhelming evidence test.
> Harmless error is not a device for the appellate court to substitute

itself for the trier-of-fact by simply weighing the evidence. The focus is on the effect of the error on the trier-of-fact. The question is whether there is a reasonable possibility that the error affected the verdict. The burden to show the error was harmless must remain on the state. If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful.

*Id.* at 1139.

In the conflict case, *State v. Lee*, this Court addressed the following question of great public importance:

> DOES THE ERRONEOUS ADMISSION OF EVIDENCE OF COLLATERAL CRIMES REQUIRE REVERSAL OF APPELLANT'S CONVICTION WHERE THE ERROR HAS NOT RESULTED IN A MISCARRIAGE OF JUSTICE BUT THE STATE HAS FAILED TO DEMONSTRATE BEYOND A REASONABLE DOUBT THAT THERE IS NO REASONABLE POSSIBILITY THAT THE ERROR AFFECTED THE JURY VERDICT?

531 So. 2d at 134. Answering the question in the affirmative, this Court declined to modify the *DiGuilio* test in favor of the "miscarriage of justice" test codified by the Legislature in section 59.041, Florida Statutes (2017). *Lee*, 531 So. 2d at 136.

We have since reaffirmed this harmless error standard numerous times. *See, e.g.*, *Ventura v. State*, 29 So. 3d 1086, 1088 (Fla. 2010) (holding that the Third District "improperly utilized an 'overwhelming evidence' test" when considering whether the error was harmless); *Williams v. State*, 863 So. 2d 1189, 1190 (Fla. 2003) (quashing in part the Third District's decision because it determined that the error "did not deprive[] [defendant] of a fair trial" rather than considering whether

the error was harmless under the standard set forth in *DiGuilio*); *Knowles v. State*, 848 So. 2d 1055, 1058-59 (Fla. 2003) ("[T]he *DiGuilio* standard remains the benchmark of harmless error analysis."); *Goodwin v. State*, 751 So. 2d 537, 546 (Fla. 1999) ("[T]he *DiGuilio* standard of harmless error remains the applicable analysis to be employed in determining whether the error requires a reversal on direct appeal.").

In this case the Third District departed from the *DiGuilio* standard, concluding:

> Any error by the trial court in admitting the hearsay statements at issue was, at best, harmless. *See* § 59.041, Fla. Stat. (2015) ("No judgment shall be set aside or reversed . . . on the ground of . . . the improper admission or rejection of evidence . . . unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice.")

*Rodriguez*, 215 So. 3d at 195. Consistent with our precedent, we quash the Third District's decision in this case and remand for reconsideration under the correct harmless error standard. We decline to address the additional issue raised by Rodriguez that is beyond the scope of the conflict issue. *See Williams*, 863 So. 2d at 1190.

It is so ordered.

LEWIS, QUINCE, and LABARGA, JJ., concur.
POLSTON, J., dissents with an opinion, in which CANADY, C.J., and LAWSON, J., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

POLSTON, J., dissenting.

The Third District's decision in its entirety states the following:

> Any error by the trial court in admitting the hearsay statements at issue was, at best, harmless. *See* § 59.041, Fla. Stat. (2015) ("No judgment shall be set aside or reversed . . . on the ground of . . . the improper admission or rejection of evidence . . . unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice.").
> Affirmed.

*Rodriguez v. State*, 215 So. 3d 194, 195 (Fla. 3d DCA 2017).

Because there are insufficient facts and analysis in the Third District's

decision, I would decline to exercise jurisdiction in this case. Therefore, I

respectfully dissent.

CANADY, C.J., and LAWSON, J., concur.

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

Third District - Case No. 3D15-2339

(Miami-Dade County)

Carlos J. Martinez, Public Defender, and Natasha Baker-Bradley, Assistant Public Defender, Eleventh Judicial Circuit, Miami, Florida,

for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, Michael Mervine, Acting Bureau Chief, and Nikole Hiciano, Assistant Attorney General, Miami, Florida,

    for Respondent