PARIENTE, J.
We have for review the decision of the Third District Court of Appeal in Rodriguez v. State , 215 So.3d 194 (Fla. 3d DCA 2017), which expressly and directly conflicts with our decision in State v. Lee , 531 So.2d 133 (Fla. 1988), on the harmless error standard of review. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
In State v. DiGuilio , 491 So.2d 1129 (Fla. 1986), this Court set out the test to be applied in determining whether an error is harmless:
The test is not a sufficiency-of-the-evidence, a correct result, a not clearly *1086 wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming evidence test. Harmless error is not a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence. The focus is on the effect of the error on the trier-of-fact. The question is whether there is a reasonable possibility that the error affected the verdict. The burden to show the error was harmless must remain on the state. If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful.
Id. at 1139.
In the conflict case, State v. Lee , this Court addressed the following question of great public importance:
DOES THE ERRONEOUS ADMISSION OF EVIDENCE OF COLLATERAL CRIMES REQUIRE REVERSAL OF APPELLANT'S CONVICTION WHERE THE ERROR HAS NOT RESULTED IN A MISCARRIAGE OF JUSTICE BUT THE STATE HAS FAILED TO DEMONSTRATE BEYOND A REASONABLE DOUBT THAT THERE IS NO REASONABLE POSSIBILITY THAT THE ERROR AFFECTED THE JURY VERDICT?
531 So.2d at 134. Answering the question in the affirmative, this Court declined to modify the DiGuilio test in favor of the "miscarriage of justice" test codified by the Legislature in section 59.041, Florida Statutes (2017). Lee , 531 So.2d at 136.
We have since reaffirmed this harmless error standard numerous times. See, e.g. , Ventura v. State , 29 So.3d 1086, 1088 (Fla. 2010) (holding that the Third District "improperly utilized an 'overwhelming evidence' test" when considering whether the error was harmless); Williams v. State , 863 So.2d 1189, 1190 (Fla. 2003) (quashing in part the Third District's decision because it determined that the error "did not deprive[ ] [defendant] of a fair trial" rather than considering whether the error was harmless under the standard set forth in DiGuilio ); Knowles v. State , 848 So.2d 1055, 1058-59 (Fla. 2003) ("[T]he DiGuilio standard remains the benchmark of harmless error analysis."); Goodwin v. State , 751 So.2d 537, 546 (Fla. 1999) ("[T]he DiGuilio standard of harmless error remains the applicable analysis to be employed in determining whether the error requires a reversal on direct appeal.").
In this case the Third District departed from the DiGuilio standard, concluding:
Any error by the trial court in admitting the hearsay statements at issue was, at best, harmless. See § 59.041, Fla. Stat. (2015) ("No judgment shall be set aside or reversed ... on the ground of ... the improper admission or rejection of evidence ... unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice.")
Rodriguez , 215 So.3d at 195. Consistent with our precedent, we quash the Third District's decision in this case and remand for reconsideration under the correct harmless error standard. We decline to address the additional issue raised by Rodriguez that is beyond the scope of the conflict issue. See Williams , 863 So.2d at 1190.
It is so ordered.
LEWIS, QUINCE, and LABARGA, JJ., concur.
POLSTON, J., dissents with an opinion, in which CANADY, C.J., and LAWSON, J., concur.