# Third District Court of Appeal

**State of Florida**


Opinion filed December 4, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2339
Lower Tribunal No. 13-27674
_____


**Francisco Rodriguez,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Diane V. Ward, Judge.

Carlos J. Martinez, Public Defender, and Natasha Baker-Bradley, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Nikole Hiciano, Assistant Attorney General, for appellee.


Before ROTHENBERG, C.J., and LOGUE and SCALES, JJ.

LOGUE, J.

This case returns to us on remand for reconsideration in light of the Supreme Court of Florida's decision in Rodriguez v. State, 248 So. 3d 1085 (Fla. 2018) which directed us to apply the harmless error standard of State v. DiGuilio, 491 So. 2d 1129 (Fla. 1986) rather than the harmless error standard of section 59.041, Florida Statutes.[1]

**Facts.**

Appellant Francisco Rodriguez appeals his conviction of burglary of an occupied dwelling and assault. At the request of a pregnant woman named Coral Negron, Rodriguez went to the apartment of Negron's neighbors to caution them about Negron's complaints of loud noise and harassment. In the ensuing confrontation, the neighbors' front door was knocked down, Rodriguez entered the apartment, a fight occurred, and a handgun was discharged. Although these facts are not in dispute, virtually all other facts regarding the incident were hotly contested at the trial where Rodriguez, the neighbors, a neighbors' friend who was present, and other witnesses gave evidence.

---

[1] This statute, entitled "Harmless error; effect," provides in pertinent part "[n]o judgment shall be set aside or reversed … in any cause, civil or criminal … on the ground of … the improper admission … of evidence … unless … the error complained of has resulted in a miscarriage of justice." § 59.041, Fla. Stat. (emphases added). The Supreme Court has adopted the alternative DiGuilio harmless error standard in both criminal and civil appeals. See Rodriguez, 248 So. 3d at 1085-86; DiGuilio, 491 So. 2d at 1139; Special v. W. Boca Med. Ctr., 160 So. 3d 1251, 1265 (Fla. 2015).

2

The neighbors testified Rodriguez kicked down the door, entered the apartment, pointed a gun at them, beat them, and discharged the gun during the resulting melee. In contrast, Rodriguez testified he politely asked the neighbors to leave Negron alone, heard the neighbors threaten Negron, accidently knocked down only part of the door, was yanked into the apartment as he was turning away to leave, was attacked, and that a friend of the neighbors in the apartment possessed the gun and discharged it as part of a confused scuffle.

Although Negron precipitated the incident, Negron did not testify at trial. Nevertheless, over objection, out-of-court statements by Negron were admitted into evidence. In pertinent part, the objected-to testimony consisted of (1) one neighbor's statement that, on the day before the incident, Negron threatened to send someone to "whoop his a**" or "f*** him up"; and (2) a witness's statement that he heard Negron tell one neighbor on the day before the incident, "I'm going to get somebody to put a cap in [your] a**." In its closing, the Assistant State Attorney expressly cited Negron's hearsay statements regarding getting someone to put a cap in the neighbor two times contending: "[t]his is the evidence that we have of the Defendant's intent to commit an assault inside [the neighbor's] apartment."

Rodriguez was charged with armed burglary of an occupied dwelling, aggravated assault or battery with a deadly weapon, discharge of a firearm, and

unlawful possession of a firearm by a convicted felon. The jury found Rodriguez guilty of burglary of an occupied dwelling and assault, but it specifically found that Rodriguez did not: (1) possess, use, or discharge a firearm, or (2) commit a battery. Rodriguez was sentenced to 72 months in prison, followed by ten years' probation. This appeal followed.

**Analysis.**

a.  <u>"Then-Existing" State of Mind Exception</u>

Rodriguez challenges the admission of Negron's hearsay statements identified above. The State argues that Negron's out-of-court statements are admissible under section 90.803(3), Florida Statutes, to prove the "then-existing" state of mind of the declarant. While we review the admission of evidence for "a clear abuse of discretion," <u>Ray v. State</u>, 755 So. 2d 604, 610 (Fla. 2000), we are unpersuaded by the State's argument.

The first problem with this argument is that, as the quote from the State's closing argument indicated, the State used Negron's statement to prove Rodriguez's state of mind. It is well-settled, however, that this hearsay exception "applies only to the declarant's state of mind, not to someone else's state of mind." <u>Suarez v. State</u>, 879 So. 2d 1251, 1253 (Fla. 3d DCA 2004) (citing <u>Van Zant v. State</u>, 372 So. 2d 502, 504 (Fla. 1st DCA 1979)); <u>see</u> <u>also</u> <u>Brooks v. State</u>, 787 So. 2d 765, 772 (Fla. 2001) (noting that "statements of intent can ordinarily be used to

prove the subsequent acts of the declarant, not a defendant"); Woods v. State, 733 So. 2d 980, 987 (Fla. 1999); Sybers v. State, 841 So. 2d 532, 545 (Fla. 1st DCA 2003); Bailey v. State, 419 So. 2d 721 (Fla. 1st DCA 1982). The exception is "inapplicable to situations where the declarant's state of mind is not at issue." Suarez, 879 So. 2d at 1253 (citing Usher v. State, 642 So. 2d 29, 31 (Fla. 2d DCA 1994)).

Nevertheless, the State counters that Negron's state of mind was itself relevant under the line of cases recognizing the state of mind of a victim may be relevant. See Huggins v. State, 889 So. 2d 743, 748 (2004) (recognizing exceptions to the state-of-mind rule); Brooks, 787 So. 2d at 771 (explaining that a victim's state of mind may be relevant to: (1) an element of the crime; (2) an issue in the case where defendant claims self-defense, that the victim committed suicide, or the victim's death was accidental; or (3) when used to rebut a defense raised by defendant); Woods, 733 So. 2d at 988; Peede v. State, 474 So. 2d 808, 816 (Fla. 1985); State v. Bradford, 658 So. 2d 572, 574-75 (Fla. 5th DCA 1995). Despite the State's attempt to fit the facts of this case within one of the exceptions to the principles espoused under "then-existing" state of mind exception, none of those limited exceptions apply here. Negron was not the victim of the crimes alleged in this case. While Rodriguez's state of mind was a central issue in the case, Negron's state of mind simply was not.

b.  Harmless Error

We next turn to the issue of whether the error of admitting this hearsay was harmless. The Supreme Court of Florida set out the test to be applied in determining whether an error is harmless:

> The test is not a sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming evidence test. Harmless error is not a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence. The focus is on the effect of the error on the trier-of-fact. The question is whether there is a reasonable possibility that the error affected the verdict. The burden to show the error was harmless must remain on the state. If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful.

DiGuilio, 491 So. 2d at 1139 (emphasis added).

The admission of Negron's statements about getting someone to "put a cap" in one of the neighbor's backsides, by itself, might be viewed as harmless under this exacting standard (even though it was featured in the State's closing argument) because the jury found that Rodriguez did not possess a firearm. See Conahan v. State, No. SC18-303, 2018 WL 5095164, at *1 (Fla. Oct. 19, 2018) (holding that error to instruct jury in death penalty case that verdict must be unanimous was harmless under DiGuilio standard when jury returned unanimous verdict anyway). However, the scale tips into harmful error with the addition of Negron's statements

6

to a neighbor that she was going to send someone to "whoop his a**" or "f*** him up."

One of the major disputed issues at trial was whether Rodriguez intended to assault the neighbors when he entered their apartment. Rodriguez testified he did not. While there was substantial, even overwhelming evidence to the contrary, a reasonable possibility exists that Negron's hearsay statements were projected by the jury onto Rodriguez and used to conclude Rodriguez had the "intent to commit an assault inside [the neighbor's] apartment" which is exactly what the State argued in its closing. We certainly cannot exclude this possibility beyond a reasonable doubt.

Accordingly, we conclude the State has not met its burden of establishing this error was harmless under the DiGuilio standard.

Reversed.

**ANY POST-OPINION MOTION MUST BE FILED WITHIN SEVEN DAYS. A RESPONSE TO THE POST-OPINION MOTION MAY BE FILED WITHIN FIVE DAYS THEREAFTER.**